Exhibit F

# MULTIMODAL TRANSPORT DOCUMENT

FIRST ORIGINAL ORIGINAL

BL/MTD Number: BOM/A/MAD/047

Shipment reference no.: E/2984/01

# BHATIA SHIPPING & AGENCIES PVT. LTD.

Shipping House, 24/26, Kumtha Street, Ballard Estate, Mumbai - 400 038.

Regd. No. MTO / DGS / 16 / 93

Consignor: ALCOBEX METALS LIMITED, 24/25, HEAVY INDUSTRIAL AREA, JODHPUR 342003 (INDIA).

Consignee (or order): TO ORDER

Notify address: (1) S.H.E. MARITIME SERVICES LTD., 2,TOWN QUAY WHARF, ABBEY ROAD, BARKING, ESSEX 1G11 7BZ,U.K. (2)M/S SALEM TUBE INTERNATIONAL LTD UNIT 112 1B, CHURCH STREET INDUSTRIAL ESTATE, HAYDON BRIDGE, HEXHAM NORTHUMBERLAND NE 47 6XG U.K.

Taken in charge in apparently good condition herein at the place of receipt for transport and delivery as mentioned above unless otherwise stated. The MTO in accordance with the provisions contained in the MTD undertakes to perform or to procure the performance of the multimodal transport from the place at which the goods are taken in charge, to the place designated for delivery and assumes responsibility for such transport.

One of the MTD(s) must be surrendered, duly endorsed in exchange for the goods. In witness whereof the original MTD all of this tenor and date have been signed in the number indicated below one of which being accomplished the other(s) to be void.

Place of acceptance: MUMBAI | Date of acceptance:

Place of delivery: WEST MIDLANDS.U.K. VIA AVONMOUTH | Date of Period of delivery:

Modes / means of transport: BY SEA PERSEY | Route / Place of transhipment (if any):

| Container No(s). / Marks and numbers | Number of packages, kinds of packages, general description of goods. | Gross Weight | Measurement |
|---|---|---|---|
| SHIPPING MARKS: COPPER ALLOYS TUBES (AL BRONZETUBES) W/BOX NOS: W-9637 TO W-9643 | 7 WOODEN BOXES (SEVEN WOODEN BOXES ONLY) COPPER ALLOYS TUBES (AL BRONZETUBES) INVOICE NO:AML/EXP/2001-2002/154 DT.19.01.2002 SB.NO.:5200043 DT.26.1.2002 | GR.WT.: 22800.000 KGS NT.WT.: 20463.550 KGS | |

FREIGHT PREPAID

FOR DELIVERY PLEASE APPLY TO: DENHOLM SHIPPING SERVICES LIMITED LANGER ROAD FELIXSTOWE SUFFOLK IP11 8EA. TEL:01394-276026, FAX:01394-271131 TLX:987912 DENFLX G PIC MR BRYAN KING.

"CARRIER/LINE NOT RESPONSIBLE FOR RUST OR ATMOSPHERIC OXIDATION".

"QUALITY UNKNOWN CARRIER/LINE NOT RESPONSIBLE

DESTINATION THC AND ALL OTHER LOCAL CHARGES AT DESTINATION ACCOUNT CONSIGNEE

Particulars above furnished by consignee/consignor

Freight amount: | Freight payable at: MUMBAI | Number of Original BL/MTD(s): (3) THREE | Place and date of issue: MUMBAI 2 FEB 2002

SHIPPED ON BOARD 2 FEB 2002

Other Particulars (if any)

Weight and measurement of container not to be included (TERMS CONTINUED ON BACK HERE OF)

For BHATIA SHIPPING & AGENCIES PVT. LTD.

As Carrier

Exhibit 'G'

# MULTIMODAL TRANSPORT DOCUMENT

FIRST ORIGINAL ORIGINAL

Consignor: ALCOBEX METALS LIMITED
24/25, HEAVY INDUSTRIAL AREA
JODHPUR - 342003 (INDIA).

BL/MTD Number: BOM/STF/048

Shipment reference no.

Consignee (or order): TO ORDER

**BHATIA SHIPPING & AGENCIES PVT. LTD.**
Shipping House, 24/26, Kumtha Street,
Ballard Estate, Mumbai - 400 038.

Regd. No. MTO / DGS / 16 / 93

Notify address:
(1) S.H.E. MARITIME SERVICES LTD
2,TOWN QUAY WHARF, ABBEY ROAD,
BARKING, ESSEX 1G11 7BZ,U.K.
(2)M/S.SALEM TUBE INTERNATIONAL LTD
UNIT 112 1B, CHURCH STREET INDUSTRIAL ESTATE,
HAYDON BRIDGE, HEXHAM.
NORTHUMBERLAND NE 47 6XG, U.K.

Taken in charge in apparently good condition herein at the place of receipt for transport and delivery as mentioned above, unless otherwise stated. The MTO in accordance with the provisions contained in the MTD undertakes to perform or to procure the performance of the multimodal transport from the place at which the goods are taken in charge, to the place designated for delivery and assumes responsibility for such transport.
One of the MTD(s) must be surrendered, duly endorsed in exchange for the goods. In witness whereof the original MTD all of this tenor and date have been signed in the number indicated below one of which being accomplished the other(s) to be void.

Place of acceptance: MUMBAI

Date of acceptance:

Place of delivery: AFFORD,U.K. VIA AVON MOUTH

Date of Period of delivery:

Modes / means of transport: BY SEA PERSEY-

Route / Place of transhipment (if any):

| Container No(s) / Marks and numbers | Number of packages, kinds of packages, general description of goods | Gross Weight | Measurement |
|---|---|---|---|
| SHIPPING MARKS: COPPER ALLOYS TUBES (AL.BRONZETUBES) W/BOX NO W-9649<br>FREIGHT PREPAID<br>FOR DELIVERY PLEASE APPLY TO:<br>DENHOLM SHIPPING SERVICES LIMITED<br>96 LANGER ROAD<br>FELIXSTOWE SUFFOLK IP11 8EA<br>TEL:01394-276026, FAX:01394-271131<br>TLX:987912 DENFLX G<br>PIC MR BRYAN KING. | 1 WOODEN BOX.<br>(ONE WOODEN BOXES ONLY)<br>COPPER ALLOYS TUBES<br>(AL. BRONZETUBES)<br>INVOICE NO:AML/EXP/2001-2002/154 DT.19.01.2002<br>SB.NO.:5200043 DT.28.1.2002<br>"CARRIER/LINE NOT RESPONSIBLE FOR RUST OR ATMOSPHERIC OXIDATION".<br>"QUALITY UNKNOWN CARRIER/LINE NOT RESPONSIBLE".<br>DESTINATION THC AND ALL OTHER LOCAL CHARGES AT DESTINATION ACCOUNT CONSIGNEE | GR.WT.: 3000.000 KGS<br>NT.WT.: 2712.500 KGS | |

Particulars above furnished by consignee/consignor

| Freight amount | Freight payable at | Number of Original BL/MTD (s) | Place and date of issue |
|---|---|---|---|
| FREIGHT AS ARRANGED. | MUMBAI | (3) THREE | MUMBAI - 2 FEB 2002 |

SHIPPED ON BOARD - 2 FEB 2002.

Other Particulars (if any)

Weight and measurement of container not to be included
(TERMS CONTINUED ON BACK HERE OF)

For BHATIA SHIPPING & AGENCIES PVT. LTD.

As Carrier

# Standard Conditions governing Multimodal Transport Documents Issued in accordance with Multimodal Transportation of Goods Act, 1993.

**Definitions :**

a. "Carrier" means a person who is engaged in the business of transporting [illegible] goods by road, rail, inland waterways or sea.

b. "Consignee" means the person named as consignee in the multimodal transport contract,

c. "Consignment" means the goods entrusted to a multimodal transport operator for multimodal transportation

d. "Consignor" means the person [illegible] named in the multimodal transport [illegible] consignor, by whom or on whose behalf the goods [illegible] covered by such contract are entrusted to a multimodal transport operator for multimodal transportation

[illegible] (i) in the case of a negotiable multimodal transport document delivering of the consignment to or placing the consignment at the disposal of the consignee or any other person entitled to receive it (ii) in the case of a non-negotiable multimodal transport document, delivering of the consignment to, or placing the consignment at the disposal of the consignee or any person authorised by the consignee to accept delivery of the consignment on his behalf;

"Endorsement" means the signing by the consignee or the endorsee after adding a direction on a negotiable multimodal transport document to pass the property in the goods mentioned in such document to a specified person,

"Goods" includes [illegible] containers, pallets or similar articles of transport used to consolidate goods, and (x) animals

"Mode of transport" means carriage of goods by road, rail, inland waterways or sea.

"Multimodal transportation" means carriage of goods by two or more modes of transport from the place of acceptance of the goods in India to a place of delivery of the goods outside India

"Multimodal transport contract" means a contract entered into by the consignor and the multimodal transport operator for multimodal transportation

k. "Multimodal transport operator" means any person who (i) concludes a multimodal transport contract on his own behalf or through another person acting on his behalf, (ii) acts as principal and not as an agent either of the consignor or of the carrier participating in the multimodal transportation and who assumes responsibility for the performance of the said contract and (iii) is registered under sub section (3) of section 4 of the Act

l. "Negotiable multimodal transport document" means a multimodal transport document which is - (i) made out to order or to bearer, or (ii) made out to order and is transferable by endorsement, or (iii) made out to bearer and is transferable without endorsement

m. "Non-negotiable multimodal transport document" means a multimodal transport document which indicates only one named consignee.

**Applicability**

The provision set out and referred to in this Multimodal Transport Document shall apply, if the transport as described on the face of the document is by two or more modes of transport from the place of acceptance of the goods in India to a place of delivery of the goods outside India

**Effect of Issuance of Multimodal Transport Document**

(1) The issuance of the Multimodal Transport Document confers and imposes on all parties having or acquiring hereafter an interest in the rights/obligations and defence set out in the conditions mentioned in this document

(2) By the issuance of the Multimodal Transport Document, the Multimodal Transport Operator,

undertakes to perform and/or in his own name to procure performance of the multimodal transport including all services which are necessary to such transport from [illegible] taking the goods in charge to the time of delivery, and accepts [illegible] for such transport and such services to the extent set out in these [illegible]

[illegible] for the acts and omissions of his agents or servants when such agents or servants are acting within their scope of their employment, as if such acts and omissions were own

accepts responsibility for the acts and omissions on any other person whose services he uses for the performance of the contract evidenced by this multimodal transport document

undertakes to perform or to procure performance of all acts necessary to ensure delivery

assumes liability to the extent set out in these conditions of loss of or damage to the goods occurring between the time of taking them into his charge and the time of delivery, and undertakes to pay compensation as set out in these conditions in respect of such loss or damage

assumes liability to the extent set out in these conditions for delay in delivery of the goods and undertakes to pay compensation as set out in that conditions

**Negotiability and Title to the Goods**

[illegible] accepting the multimodal transportation document the consignor and his transferees agree with the multimodal transport operator that, unless it is marked "non-negotiable", [illegible] constitute title to the goods and the holder, by endorsement of this multimodal transport document, shall be entitled to receive or to transfer the goods mentioned in this Multimodal Transport Document.

**Reservations**

If the Multimodal transport document contains particulars concerning the general nature, leading marks, number of packages or pieces, weight or quantity of the goods which the multimodal transport operator or a person acting on his behalf knows, or has reasonable grounds to suspect, do not accurately represent the goods actually taken in charge, or if he has no reasonable means of checking such particulars, the multimodal transport operator or a person action on his behalf shall insert in the multimodal transport document a reservation specifying these inaccuracies, grounds of suspicion or the absence of reasonable means of checking. If the multimodal transport operator or a person acting on his behalf fails to note on the multimodal transport document the apparent condition of the goods, he is deemed to have noted on the multimodal transport document that the goods [illegible] apparent good condition.

**[illegible] ect of the Multimodal Transport Document**

[illegible] odal Transport Document shall be prima facie evidence of the taking in charge by the multimodal transport operator of the goods as described therein; and

(2) Proof to the contrary by the multimodal transport operator shall not be admissible if the multimodal transport document is issued in negotiable form and has been transferred to a third party including a consignee, who has acted in good faith in reliance on the description of goods therein

**Guarantee by the consignor**

(1) The consignor shall be deemed to have guaranteed to the multimodal transport operator the accuracy at the time the goods were taken in charge by the multimodal transport operator of particulars relating to the general nature of the goods, their marks, number weight and quantity and, if applicable, to the dangerous character of the goods, as furnished by him for insertion in the multimodal transport document

(2) The consignor shall indemnify the multimodal transport operator against loss resulting from inaccuracies or inadequacies of, the particulars. The consignor shall remain liable even if the multimodal transport document has been transferred by him. The right of the multimodal transport operator to such indemnity shall in no way limit his liability under the multimodal transport contract to any person other than the consignor

8. **Dangerous goods**

(1) The consignor shall mark or label dangerous goods in a suitable manner as "dangerous goods".

(2) Where the consignor hands over dangerous goods to the multimodal transport operator or any person acting on his behalf, the consignor shall inform him of the dangerous character of the goods and, if necessary, the precautions to be taken. If the consignor fails to do so and the multimodal transport operator does not otherwise have knowledge of their dangerous character then:

a. the consignor shall be liable to the multimodal transport operator for all loss resulting from the shipment of such goods; and

b. the goods may at any time be unloaded, destroyed or rendered innocuous, as the circumstances may require, without payment of compensation.

(3) The above provisions may not be invoked by any person if during the multimodal transport he has taken the goods in his charge with knowledge of their dangerous character

(4) If, in cases where the provisions (2) (b) referred to above do not apply or may not be invoked, dangerous goods become an actual danger to life or property, they may be unloaded, destroyed or rendered innocuous, as the circumstances may require, without payment of compensation except where there is an obligation to contribute in general average [illegible] operator is liable in accordance with the provisions of [illegible]

9. **Period of responsibility**

(1) The responsibility of the multimodal transport operator for the goods covers the period from the time [illegible] the time of their delivery. For the purpose of [illegible] the multimodal transport operator is deemed to be in charge of the goods

a) from the time he has taken over the goods from the consignor or a person acting on his behalf or an authority or other third party to whom, pursuant to law or regulation applicable at the place of taking charge the goods must be handed over for transport

b) until the time he has delivered the goods (i) by handing them over to the consignee; or (ii) by placing them at the disposal of the consignee in accordance with the multimodal transport contract or with the law or with the usage of the particular trade applicable at the place of delivery, or (iii) by handing over the goods to an authority or other third party to whom, pursuant to law or regulations applicable at the place of delivery the goods must be handed over.

2. Reference to the multimodal transport operator [illegible] regard shall include his servants or agents or any other person [illegible] services he makes use of for performance of the multimodal transport contract [illegible] reference to the consignor or consignee shall include their servants [illegible]

10. **Basis of liability**

(1) The multimodal transport operator shall be liable for loss resulting from loss of or damage to the goods, delay in delivery and any consequential loss or damage arising from such delay if the occurrence which caused such loss, damage or delay in delivery, took place while the goods were in his charge unless the multimodal transport operator proves that he, his servants or agents or any other person whose services he uses for the performance of the contract evidenced by this Multimodal Transport Document, took all measures that could reasonably required to avoid the occurrence and its consequences

(2) Where fault or neglect on the part of the multimodal transport operator his servants or agents or any other person whose services he uses for the performance of the contract evidenced by this Multimodal Transport Document, combines with another cause to produce loss or damage or delay in delivery, the multimodal transport operator shall be liable only to the extent that the loss, damage or delay in delivery which is attributable to such fault or neglect provided that the multimodal transport operator proves the part of the loss damage or delay in delivery not attributable thereto

(3) Delay in delivery occurs when the goods have not been delivered within the time expressly agreed upon or in the absence of such agreement, within reasonable time required by a diligent Multimodal Transport Operator having regard to the circumstances of the case to effect the delivery of goods

(4) If the goods have not been delivered within ninety consecutive days following the date of delivery expressly agreed upon, the claimant may treat the goods as lost

11. **Liability for loss or damage when the stage of transport where the loss or damage occurred is not known**

(1) When the multimodal transport operator is liable to pay compensation in respect of loss of or damage to the goods occurring between the time of taking them into his charge and the time of delivery and the stage of transport where the loss or damage occurred is not known

(a) Such compensation shall be calculated by reference to the value of such goods at the place and time they are delivered [illegible] at the place and time when in accordance with the contract [illegible] multimodal transport they should have been so delivered

(b) The value of the goods shall be determined according to the current commodity exchange price or, if there is not such price according to the current market price or if there is no commodity exchange or current market price, by reference to the normal value of goods of the same kind and quality

However the multimodal transport operator shall not in any case be liable for an amount greater than the actual loss to the person entitled to make the claim

(2) Where a multimodal transport operator becomes liable for any loss of or damage to, any consignment the nature and value where of have not been declared by the consignor before such consignment has been taken in charge by the multimodal transport operator and the stage of transport at which loss or damage occurred is not known, then the liability of the multimodal transport operator to pay compensation shall not exceed two Special Drawing Rights per kilogram of the gross weight of the consignment lost or damaged or [illegible] Special Drawing Rights per package or unit lost or damaged, whichever is higher

(3) Notwithstanding anything contained above if the multimodal transportation does not, according to the multimodal transport contract, include carriage of goods by sea or by inland waterways, the liability of the multimodal transport operator shall be limited to an amount not exceeding 8.33 Special Drawing Rights per kilogram of the gross weight of the goods lost or damaged

12. **Liability for loss or damage when the stage of transport where the loss or damage occurred is known:-**

(1) When the multimodal transport operator is liable to pay Compensation in respect of loss of or damage to the goods occurring between the time of taking them into his charge and the time of delivery and the stage of transport where such loss or damage occurred is known the liability of the multimodal transport operator in respect of such loss or damage shall be determined by the applicable Indian law if the loss or damage occurs in Indian or by the provisions of the applicable law of the country where the loss or damage occurred, as the case may be which provisions of the Indian Law or the applicable law outside India

(a) cannot be departed from by private contract to the detriment of the claimant and

(b) would have applied if the claimant had made a separate and direct contract with the multimodal transport operator in respect of the particular stage of transport where the loss or damage occurred.

(2) Without prejudice to the provisions contained in para 11.2 (b) and (c) mentioned in this document when under the provision of [illegible] mentioned above, the liability of the multimodal transport operator shall be determined by the provisions of the Law referred to Condition [illegible] above [illegible] shall be determined as though the multimodal transport operator was [illegible] to in such law. However the multimodal transport operator shall not be [illegible] from liability where the loss or damage is caused or contributed to by [illegible] omissions of the multimodal transport operator in his capacity as such or his servants or agents when acting in such capacity and not in the performance of the carriage

13. **Defence and limits for the multimodal transport operator and his servants:**

(1) The defence and limits of liability provided for in this multimodal transport document shall apply in action against the multimodal transport operator in respect of loss resulting from loss of or damage to goods, delay in delivery and any consequential loss or damage arising from such delay

(2) If any action in respect of loss resulting from loss of or damage to, the goods or from delay in delivery is brought against the servant or agent of the multimodal transport operator, if such servant or agent proves that he acted within the scope of his employment, or against any other person of whose services he makes use for the performance of the multimodal transport contract, if such other person proves that he acted within the performance of the contract, the servant or agent or such other persons shall be entitled to avail himself of the defences and limits of liability which the multimodal transport operator is entitled to invoke under this multimodal transport document

3. Except as provided for liability for delay, as mentioned below, the aggregate of the amounts recoverable from the multimodal transport operator and from a servant or agent or any other person of whose services he makes use of for the performance of the multimodal transport contract shall not exceed the limits of liability provided for in this multimodal transport document

14. **Liability for delay:**

The liability of the multimodal transport operator for loss resulting from delay in delivery as per condition 10 above shall be limited to an amount equivalent to the freight payable for the goods delayed but not exceeding the total freight payable under the multimodal transport contract

15. **Loss of the right to limit liability;**

(1) The limits of liability established in conditions 11,12 and 14 above shall not apply if it is proved that the loss, damage or delay in delivery resulted from an act or omission of the multimodal transport operator (or his servants or agents or any other person of whose services he makes use for the performance of multimodal transport contract) done with the intent to cause such loss, damage or delay in delivery or recklessly and with knowledge that such loss, damage or delay would probably result

(2) Notwithstanding the provisions 13 (2) above, if it is proved that the loss, damage or delay in delivery resulted from an act or omission of a servant or agent (or any person of whose services the multimodal transport operator makes use for the performance of the multimodal transport contract) done with the intent to cause loss, damage or delay in delivery or recklessly and with knowledge that such loss, damage or delay in delivery would probably result, the servant or agent shall not be entitled to the benefit of limitation of liability provided for in these conditions.

16. **Delivery/non-delivery:**

(1) If the goods are not taken delivery of by the consignee within a reasonable time after the multimodal transport operator has called upon him to take delivery, the multimodal transport shall be at liberty to put the goods in safe custody on behalf of the consignee at the consignee's risk and expense or to place the goods at the disposal of the consignee in accordance with the multimodal transport contract or with the law or with the usage of the particular trade applicable at the place of delivery

(2) The multimodal transport operator shall be discharged from his obligation to deliver goods if where a negotiable multimodal transport document has been issued in a set of more than one original, he, or a person acting on his behalf, has in good faith delivered the goods against surrender of one of such originals.

17. **Notice of loss, damage or delay :**

(1) Unless notice of loss or damage specifying the general nature of such loss or damage is given in writing by the consignee to the multimodal transport operator at the time of taking over the goods such handing over is prima facie evidence of the delivery by multimodal transport operator of the goods as described in the multimodal transport document.

(2) Where the loss or damage is not apparent, the provisions of condition (1) referred to above apply correspondingly if notice in writing is not given within six consecutive days after the day when the goods were handed over to the consignee.

(3) If the state of the goods at the time they were handed over to the consignee has been the subject of a joint survey or inspection by the parties or their representatives at the place of delivery, notice in writing need not be given of loss or damage ascertained during such survey or inspection.

(4) In the case of any actual or apprehended loss or damage the multimodal transport operator and the consignee shall give all reasonable facilities to each other for inspecting and tallying the goods

(5) If any of the notice periods provided for in condition (2) and (4) referred to above terminates on a public holiday at the place of delivery, such periods shall be extended upto the next working day.

(6) Notice given to a person acting on behalf of the multimodal transport operator including any person of whose services he makes use at the place of delivery, shall be deemed to have given to the multimodal transport operator

18. **Freight and charges :**

(1) Freight shall be deemed earned on receipt of goods by multimodal transport operator and shall be paid for, in any event

(2) For the purpose of verifying the freight basis, the multimodal transport operator reserves the right to have the contents of the containers, trailers or similar articles of transport inspected in order to ascertain the weight, measurement, value or nature of the goods.

(3) All dues, taxes and charges levied on the goods and other expenses in connection therewith, shall be paid by the consignor or the consignee or the holder of MTD or the owner of the goods

19. **Containers etc ;**

(1) Goods may be stowed by the multimodal transport operator by means of containers, trailers, transportable tanks, flats, pallets or similar articles of transport used to consolidate goods and these articles of transport may be stowed under or on deck

(2) If a container has not been filled, packed or stowed by the multimodal transport operator, the multimodal transport operator shall not be liable for any loss of or damage to, its contents and the consignor shall cover any loss of expense incurred by the multimodal transport operator if such loss, damage or expense has been caused by:

(a) negligent filling, packing or stowing of the container;

(b) the contents being unsuitable for carriage in container; or

(c) the unsuitability or defective condition of the container unless the container has been supplied by the multimodal transport operator and the unsuitable or defective condition would not have been apparent upon reasonable inspection at, or prior to, the time when the container was filled, packed and stowed

The provisions of this condition also apply with respect to trailers, transportable tanks, flats and pallets which have not been filled, packed or stowed by the multimodal transport operator.

(3) The multimodal transport operator does not accept liability for the functioning to reefer equipment or trailers supplied by the consignor.

(4) If, by order of the authorities of any place, the goods have to be unpacked from their containers to be inspected, the multimodal transport operator shall not be liable for the loss or damage incurred during the unpacking, inspection or repacking. The multimodal transport operator shall be entitled to recover the cost of unpacking, inspection and repacking from the consignor/consignee.

20. **Hindrence etc. affecting performance:**

1. The multimodal transport operator shall use reasonable endeavours to complete the transport and to deliver the goods at the place designated for delivery

21. **Lien :**

The multimodal transport operator shall have a lien on the goods for any amount due under this multimodal contract and for the costs of recovering the same, and may enforce such lien in any reasonable manner.

22. **Limitation of action:**

Any action relating to multimodal transport under these condition shall be time barred if judicial proceedings have not been instituted within a period of nine months after.

(1) the date of delivery of the goods, or

(2) the date when the goods should have been delivered, or

(3) the date on and from which the party entitled to receive has the right to treat the goods as lost.

23. **Jurisdiction**

In judicial proceedings relating to the contract for multimodal transport document under these condition the plaintiff, at his option, may institute an action in a court which, according to the law of the country where the court is situated, is competent and within the jurisdiction of which is situated one of the following Places:

(a) the principal place of business or, in the absence thereof, the habitual residence of the defendant or

(b) the place where the multimodal transport contract was made, provided that the defendant has there a place of business branch or agency at such place, or

(c) the place of taking charge of the goods for multimodal transportation or the place of delivery thereof, or

(d) any other place specified for that purpose in the multimodal transport contract and evidenced in the multimodal transport document

24. **General average**

The consignor or consignee, the holder of the Multimodal Transport Document, the receiver and the owner of the goods shall indemnify Multi modal Transport Operator in respect of any claims of the general average nature which may be made on him and shall provide such security as may be required by the Multimodal Transport Operator in this connection.

25. **Arbitration**

The contract evidenced hereby or contained herein shall be governed by and construed according to Indian laws. Any difference of opinion or dispute thereunder can be settled by arbitration in India or a place mutually agreed with each party appointing an arbitrator