EXHIBIT 5

IN THE HIGH COURT OF JUSTICE        CLAIM NO.2003 FOLIO 334
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BETWEEN

    BHATIA SHIPPING & AGENCIES PVT. LIMITED
                       Claimant

      and

   (1) SAI SHIPPING COMPANY PVT. LIMITED

   (2) UNIVERSE INSURANCE AGENCY LIMITED

   (3) CORY BROTHERS SHIPPING LIMITED

 (4) FIRST CORPORATE SHIPPING LIMITED (Trading as THE BRISTOL PORT
        COMPANY)

   (5) SALEM TUBE INTERNATIONAL LIMITED

   (6) ALCOBEX METALS LIMITED

                      Defendants

## APPLICATION NOTICE

**Filed on behalf of the Sixth Defendant**

The Sixth Defendant requests that this application be dealt with at a hearing, with a time estimate of 3 hours.

Only the Claimant should be formally served with notice of this application.

The Sixth Defendant intends to rely upon:

 i) The contents of this Application Notice.
 ii) The witness statement of Mr. Vibash Gupta

**TRUE COPY**

8

iii)  Such further evidence as may be permitted pursuant to this application.

\KE NOTICE that the Sixth Defendant intends to apply against the Claimant for an
RDER THAT :-

Service of the Claim Form herein be set aside; and/or

. The Claim Form be set aside; and/or

).  The proceedings herein be stayed; and/or

4.  The order granting permission/leave to serve these proceedings out of jurisdiction be set aside; and/or

5.  That permission be granted to serve further evidence in support of this application and, if necessary, to expand upon the grounds set out herein within 28 days after being served with the Particulars of Claim and the Witness Statement filed by the Claimant in support of its application for leave to serve Defendant no.6 out of jurisdiction.

FURTHER TAKE NOTICE that the grounds of this application are as follows:-

1. Service was not effected upon the Sixth Defendant in accordance with the requirements of service under Indian law.

2. The English Court has no jurisdiction and/or is a forum non conveniens in relation to the claim raised/urged against the Sixth Defendant.

3. In particular, the Sixth Defendant will rely on the following:

i)  That the Claimant and the Defendant No.6 are companies incorporated under the laws of India and have their respective registered offices in India and are carrying on their businesses principally in India.

(25)

9

Multi-modal Transport Documents numbered BOM/WMD/47 AND BOM/STF/048 both dated 2nd February 2002 on which Claimant rely were issued in India.

The contract between the Claimant and the Sixth Defendant, by its terms and/or by necessary implication is governed by Indian law.

)   The relevant clause in the Multi-Modal Transport Documents are liable to be interpreted in the context of the case so as to exclude the jurisdiction of this Court.

)   The claim brought before this Hon'ble Court in respect of the contract between the parties was clearly entered into at Jodhpur, Rajasthan, India.

vi)  That the claim against the Sixth Defendant is severable and is clearly beyond the jurisdiction of English Court.

vii) That the Sixth Defendant has a valid and tenable claim against the Claimant and will be pursuing the matter in India; indeed, criminal proceedings have already been initiated against the Claimant and Defendant No.1 before the purported service of the present Claim Form upon Defendant no.6, which matter is currently under investigation and a Director of the Claimant is presently in police/judicial custody.

viii) That the present suit is fraudulent and has been instituted to defeat and delay the bonafide rights of the Sixth Defendant. The present proceedings in England have been instituted with a view to deliberately harass the Sixth Defendant.

ix)  That under Indian law, no Indian citizen or body corporate (incorporated in India) can contract out of the jurisdiction of Indian Courts in the matter of a contract between themselves.

x)   The present proceedings are vexatious and oppressive.

26

10

xi) Substantial and material evidence, both documentary and oral, including formation of the contract, is in India.

xii) Substantial questions of Indian Law will arise for determination.

There is no connection with this jurisdiction in relation to contentions against the Sixth Defendant, which claim is therefore clearly severable.

xiv) The present proceedings should be stayed in view of principles of forum non conveniens as the disputes between the Claimant and the Sixth Defendant have the closest nexus to Indian Law and Courts in India, as the parties are incorporated in India and carry on their business in India, and the material evidence is available in India.

xv) The proceedings in England would be extremely exorbitant and inconvenient. Further, it would be in the interest of both the parties and serve the ends of justice for any case between the Claimant and Defendant no.6 to be tried in India. India is the more appropriate forum for trial of any dispute between the parties, i.e. the Claimant and Defendant no.6.

xvi) The law governing the transaction in question would be Indian Law. Quite clearly, the natural and/or appropriate forum for trial of disputes between the parties, i.e. the Claimant and Defendant no.6 is India.

It is stated that the Indian Courts would have jurisdiction in the matter, and complete justice can be done between the parties at substantially less inconvenience and expense. There is no personal advantage to the Claimant in maintaining these proceedings, except to harass and delay the bona fide rights of the Defendant No.6.

xviii) The Defendant No.6 has already instituted criminal proceedings in India and is taking steps to file further civil proceedings in India, which Defendant no.6 is advised are maintainable.

(27)

11

xix) The principles of Comity of Courts require the present proceedings to be stayed also so as to avoid multiplicity of proceedings and likelihood of conflicting judgments.

The Sixth Defendant believes that the facts stated in this Application Notice are true.

Signed:                                                          Dated : October 7, 2003

(Director/Constituted Attorney on behalf of Defendant No.6).
Alcobex Metals Ltd.
4223/1, Ansari Road,
Darya Ganj,
New Delhi-110002

EXHIBIT 6   50
8/10/07

IN THE HIGH COURT OF JUSTICE    CLAIM NO. 2003 FOLIO 334
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BETWEEN

BHATIA SHIPPING & AGENCIES PVT. LIMITED

Claimant

and

(1) SAI SHIPPING COMPANY PVT LIMITED

(2) UNIVERSE INSURANCE AGENCY LIMITED

(3) CORY BROTHERS SHIPPING LIMITED

(4) FIRST CORPORATE SHIPPING LIMITED
(Trading as THE BRISTOL PORT COMPANY)

(5) SALEM TUBE INTERNATIONAL LIMTED

(6) ALCOBEX METALS LIMITED

Defendants

## WITNESS STATEMENT OF

I, Vibush Gupta, presently at Jodhpur, India, will say as follows:-

1. The proposed Sixth Defendant in this matter makes this Statement in support of the application dated October __, 2003 contesting the jurisdiction of this Court. I should emphasize that all of the involvement of the Sixth Defendant in this matter (including filing, service, submission or presentation of this statement and any other material, as well as attendances at any hearing) is under protest and without any submission to the jurisdiction. Nothing in this Statement should be construed as a submission to the jurisdiction of the English High Court of Justice.

TRUE COPY

S\

2

2. The matters set out in this Statement are, save where the contrary appears, derived from the records of the Claimant. This information and knowledge derived from records is believed to be true.

Background: 

4. Sometime on or about April 12, 2001, one Salem Tube International Ltd., Defendant No.5, placed a letter of intent with the Defendant No.6, followed by purchase orders bearing number 1787 and 1932 for purchase of Copper Alloy (aluminium bronze) tubes, from the Defendant No.6. The terms of payment, which were expressly agreed, inter alia mandated that delivery would be effected against 100% cash payment, thus against retirement of documents (CAD basis). This was to be ensured by the requirement of retiring of documents by the buyer, through banking channels. In the structure agreed between Defendant Nos. 5 and 6, without the due production of the original bill of lading, the buyer (Defendant No.5), could not have obtained the release of cargo/goods from the Claimant and/or its agent at the discharge port, and which in turn Defendant no.5 could not have possession of, till he made 100% payment to the Bankers of Defendant no.6.

5. That in pursuance of the agreement with the buyer (the Defendant No.5), the Defendant No.6 packaged the contracted goods, weighing gross 25,800.000 kgs in 8 wooden boxes and entrusted the cargo/goods/export consignments to the Claimant for onward transportation to the United Kingdom, in order to fulfil the terms of the contract entered into with the buyer (Defendant no.5). The said export consignments were covered by Invoice No. AML/Exp/2001-2002/154 dated 19-01-2002 in the sum of Pounds Sterling 96,620 and Shipping Bill No. 5200043 dated 28-01-2002.

6. The Claimant was contractually and statutorily obliged to transport the said consignment of 8 wooden boxes, 7 of them containing one particular size of tubes that related to purchase order no. 1787 and the 8th one having a different size pertaining to the other purchase order no. 1932, by sea from the port of Mumbai to Avon Mouth (England), and onwards from Avon Mouth to West Midlands and Stafford, by road, whereat delivery was to take place to the buyer only against production of the original bill of lading. It was thus the bounden duty and obligation of Claimant to deliver the consignment to the



buyer (the Defendant No.5), at West Midlands and Stafford, accordingly, against production of the original bill of lading.

7. As an acknowledgment of the entrustment of the said consignments for carriage, the Claimant issued to the Defendant No.6 two House Bills of Lading, titled Multimodal Transport Document Nos. BOM/WMD/407 and BOM/STF/048, both dated 02-02-02, and Defendant No.1 issued a Master (Liner) Bill of Lading on 21-02-02 at Mumbai, India, naming the Claimant as Shipper, an agent of the Defendant No.1 as the consignee, stating thereon that the consignments were being shipped by sea on m.v. Persey, that freight had been prepaid, and that the consignments were destined for delivery at West Midlands and Stafford, via Avon Mouth.

8. Since the payment terms were 'cash against delivery' basis, negotiable documents were routed by the Defendant No.6 through its Bankers, Bank of India, Jodhpur Branch, to the buyer's (the Defendant No.5) bankers, National West Minister Bank, Grey Street, England. However, no payment was received from the Defendant No.5. Since significant time elapsed after dispatch of the consignment with no payment forthcoming in relation to the documents, the Defendant No.6 made enquiries and were shocked to learn that the consignment had been delivered to the Defendant No.5 without the production of the original bill of lading dishonestly and fraudulently by the Claimant and its agents, including Defendant No.1, aided and abetted by Defendant nos. 3 and 4. The Defendant No. 5, obviously in order to avoid payment to the Defendant No. 6, began to raise false and frivolous pleas to wriggle out of its obligations (to make payment) in respect of the consignments, having already received the consignments in collusion with the Claimant and its agents.

9. The Claimant and its agents having been entrusted with consignments/cargo for delivery were bound and liable to deliver the consignment belonging to the Defendant No.6 in terms of the provisions of law/contract only against production of original bill of lading by the Defendant No.5. The Defendant No.6 had placed its consignment on trust with the Claimant in India, and in turn its agents Defendant Nos.1, 3 and 4, in the legitimate belief and bona fide expectation that they would carry out their obligations, but they have

(31)

instead dishonestly and fraudulently permitted the buyer to take delivery without payment of goods, thus inter alia rendering themselves liable to be actioned under both criminal and civil law.

Proceedings in India :

10. It is submitted that the Courts in India are the more appropriate forum, in a matter such as the present. In relation to the criminal offences committed, a formal Complaint has already been lodged by Defendant no.6, and investigation is ongoing by the police authorities at Jodhpur, Rajasthan, India, with a Director of the Claimant being in judicial custody.

Appropriate Forum :

11. India is the jurisdiction with the strongest connection to the claims of the Claimant, as also the claim of the Defendant No.6:-

   i) The principal contention of the Claimant in the present proceedings is that the claim of the Defendant No.6 is barred by time and reliance in this regard is placed on the subject Multi-modal Transport Documents numbered BOM/WMD/47 and BOM/STF/048 both dated 2nd February 2002, both of which were issued at Mumbai, India. The said documents were clearly executed in India and entrustment of goods subsequent to the contract and the execution of Multi-modal Transport Documents took place in India. The contract had been entered into earlier on in Jodhpur, Rajasthan, India, where Defendant no.6 carried on business.

   ii) Almost all the pertinent evidence, both documentary and oral, relating to the contract entered into between the parties and the terms and conditions thereof, would be available in India.

   iii) The following witnesses, relevant to the case, are available in India:- Mr. G.C. KANUNGA and Mr. DINESH CHOUDARY

5

iv) If either the Claimant or the Defendant No.6 is successful, the enforcement of the decree would lie in India, as all assets, offices, etc. of both parties is in India. Neither of the parties have any assets in England.

v) No explanation has been submitted as to why proceedings were initiated in England, when India is clearly the more appropriate forum.

vi) The proceedings in England would be extremely exorbitant and inconvenient. The Defendant No.6 does not have the financial capacity to fund a litigation in England, including claims of Defendant No. 6 and therefore will be prejudicially affected from the perspective of not having the benefit of proper legal representation. Furthermore, it would be in the interests of both the parties and serve the ends of justice that any case between the Claimant and Defendant no.6 is tried in India. India is the more appropriate forum for trial of any dispute between the parties, and England is clearly a forum non conveniens, insofar as the Defendant no.6 is concerned.

vii) The law governing the contract/transaction in question would be Indian Law. Quite clearly, the natural and/or appropriate forum for trial of disputes between the parties, both of whom are Indian Companies, is India.

viii) The Indian Courts are the Courts of competent jurisdiction, in which full and complete justice can be rendered to the parties, at significantly less inconvenience and expense.

ix) There is no real or substantial advantage likely to be caused to the Claimant in instituting and/or pursuing the present proceedings, save and except to harass and delay the bonafide rights of the Defendant No.6. Indeed, it appears that the only reason why the present proceedings have been initiated in England is owing to the Protection & Indemnity Club/insurers of the Claimant being based in England, who wish to have the conduct of the litigation in a jurisdiction where

(33)

6

they can effectively control the same, to the prejudice of Defendant no.6, based in India.

### Service of the Claim Form:

The Sixth Defendant is advised that service of the Claim Form has not been effected in terms of Indian Law, and as such the service of the Claim Form is liable to be declared improper, and pending due remedying of and compliance with the requirements of Indian Law as to service, the matter ought not to be permitted to proceed.

### Other Defendants :

The Sixth Defendant is presently unaware of the stand taken by other Defendants, and since in any event the claim against Defendant No.6 is severable, it is submitted that the present action is liable to either be stayed or alternately the leave to serve out of jurisdiction be revoked.

### Conclusion :

I, therefore, ask the Court to grant the relief sought by Defendant no.6 in its application on the grounds set out in it.

### STATEMENT OF TRUTH

I believe that the facts stated in this Witness Statement are true.

Dated the 7th day of October, 2003.

Signed

(Director/Constituted Attorney on behalf of Defendant No.6).