EXHIBIT 2

DECLARATION OF ADRIAN CHARLES HARDINGHAM

Affidavit: Adrian Charles Hardingham
On behalf of the Claimant
Exhibit: "ACH 1"
Sworn 15th April 2005

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

Between:

**BHATIA SHIPPING AND AGENCIES PVT. LIMITED**

**Claimant**

- and -

**SAI SHIPPING COMPANY PVT LIMITED**

**First Defendant**

**UNIVERSE INSURANCE AGENCY LIMITED**

**Second Defendant**

**CORY BROTHERS SHIPPING LIMITED**

**Third Defendant**

**FIRST CORPORATE SHIPPING LIMITED**
(Trading as THE BRISTOL PORT COMPANY)

**Fourth Defendant**

**SALEM TUBE INTERNATIONAL LIMITED**

**Fifth Defendant**

**ALCOBEX METALS LIMITED**

**Sixth Defendant**

---

**AFFIDAVIT OF ADRIAN CHARLES HARDINGHAM**

---

I, ADRIAN CHARLES HARDINGHAM, Solicitor, of Holmes Hardingham, 22-23 Great Tower Street, London EC3R 5HE, MAKE OATH AND SWEAR as follows:

1.    I am a Partner in the above named firm and have the conduct of this matter on behalf of the Claimant. I am duly authorised on behalf of the Claimant to make this Affidavit. The facts and matters contained herein are true to the best of my knowledge and belief and are derived from my own knowledge save as may be indicated or apparent from the context.

There are exhibited to this Affidavit as "ACH1" true copies of the Order herein dated 20th October 2004 and of the Approved Judgment of the same date.

3. As can be seen, the Order dated 20th October 2004 provided for the Sixth Defendant (Alcobex Metals Ltd) to pay the Claimant's costs of the action, and these costs were assessed at £68,000. It was further ordered that the costs be paid within 14 days of the date of the Order, that is, within 14 days of 20th October 2004.

4. By fax dated 20th October 2004, I sent Alcobex Metals Ltd copies of the said Approved Judgment dated 20th October 2004 and the said Order dated 20th October 2004. The exhibit "ACH1" incorporates true copies of this fax to Alcobex Metals Ltd and of the transmission report. In the fax, the Approved Judgment was referred to as the Reasoned Judgment of the Commercial Court Judge, and the Order was referred to as the Sealed Court Order.

5. said Order and Approved Judgment were also served formally on Alcobex Metals I have incorporated in "ACH1" a true copy of the Affidavit of Service in this res

6. To the y knowledge, information and belief, the sum of £68,000 awarded by way of cos e Order dated 20th October 2004 has not been satisfied.

7. The sum of £6 ries interest at 8% p.a. from 20th October 2004 to the date of payment, pursuan dgments Act 1838.

Sworn at London, England
15th day of April 2005

Before me:

Notary Public London, England
(RUTH M. CAMPBELL)

Affidavit: Adrian Charles Hardingham
On behalf of the Claimant

Exhibit: "ACH 1"

Sworn 15th April 2005

IN THE HIGH COURT OF JUSTICE

QUEEN'S BENCH DIVISION

COMMERCIAL COURT

Between:

BHATIA SHIPPING AND AGENCIES PVT. LIMITED

Claimant

- and -

SAI SHIPPING COMPANY PVT LIMITED

First Defendant

UNIVERSE INSURANCE AGENCY LIMITED

Second Defendant

CORY BROTHERS SHIPPING LIMITED

Third Defendant

FIRST CORPORATE SHIPPING LIMITED
(Trading as THE BRISTOL PORT COMPANY)

Fourth Defendant

SALEM TUBE INTERNATIONAL LIMITED

Fifth Defendant

ALCOBEX METALS LIMITED

Sixth Defendant

---

EXHIBIT "ACH 1"

---

This is the exhibit marked "ACH 1" referred to in the Affidavit of Adrian Charles
Hardingham sworn this 15th day of April 2005.

*Ruth M. Campbell*

Notary Public London, England
(RUTH M. CAMPBELL)

### Index to Exhibit "ACH1" to Affidavit of Adrian Charles Hardingham

| Page No. | Description | Date |
|----------|-------------|------|
| 1 – 9 | Approved Judgment | 20.10.04 |
| 10 – 11 | Order | 20.10.04 |
| 12 – 13 | Fax: Holmes Hardingham to Alcobex Metals Ltd, with transmission report | 20.10.04 |
| 14 – 15 | Affidavit of Mr. Manoj Kumar | 30.10.04 |

15/10 '07 MON 12:45 FAX 0044²͘/2803202    HOLMES HARDINGHAM 3    ☑007

Case No: 2004 EWHC 2323 (Comm)

**IN THE HIGH COURT OF JUSTICE**
**QUEENS BENCH DIVISION**
**COMMERCIAL COURT**

Royal Courts of Justice
Strand, London, WC2A 2LL

Date: 20 October 2004

Before: MR JULIAN FLAUX Q.C. (sitting as a Deputy High Court Judge)

Between :

|  |  |
|---|---|
| **BHATIA SHIPPING AND AGENCIES PVT. LIMITED** | **Claimant** |
| - and - |  |
| **ALCOBEX METALS LIMITED** | **Sixth** **Defendant** |

Mr Michael McParland (instructed by Holmes Hardingham) for the Claimant
The Sixth Defendant was not represented

Hearing date : 11 October 2004

# Approved Judgment

I direct that pursuant to CPR PD 39A para 6.1 no official shorthand note shall be taken of this
Judgment and that copies of this version as handed down may be treated as authentic.

..............................

Bhatia Shipping & Agencies- v –Alcobex Metals Limited

Approved Judgment

**Mr Julian Flaux QC:**

**Introduction**

1.  This judgment is given following a trial on 11 October 2004 on the merits of the Claimant's claim against the Sixth Defendant. In its claim made by Claim Form dated 4 April 2003, the Claimant seeks a declaration of non-liability on the ground that any claim by the Sixth Defendant against the Claimant is time-barred. For the reasons set out hereafter, in my judgment, the Claimant is entitled to the declaration it seeks.

**Background**

2.  The background to the matter is as follows. In or about February 2002, the Claimant contracted with the Sixth Defendant (which I shall refer to as "Alcobex") to carry eight boxes of bronze tubes from Mumbai in India to Stafford, England via Avonmouth for delivery to or to the order of the Fifth Defendant Salem Tube International Ltd ("the receivers"). The contract of carriage is contained in or evidenced by two multimodal transport documents ("MTDs") dated 2 February 2002 issued by the Claimant to Alcobex pursuant to the Indian Multimodal Transportation of Goods Act 1993. On the face of the MTDs, the Claimant's obligation as Multimodal Transport operator ("MTO") was to deliver the goods in exchange for one of the three originals issued in the case of each MTD.

3.  On the reverse of each of the MTDs were Standard Conditions governing MTDs issued in accordance with that Act. For present purposes, the pertinent Conditions are as follows:

    > "*12    Liability for loss or damage when the stage of transport where loss or damage occurred is known:-*
    >
    > *(1)    When the [MTO] is liable to pay Compensation in respect of loss of or damage to the goods between the time of taking them into his charge and the time of delivery and the stage of transport where such loss or damage occurred is known, the liability of the [MTO] in respect of such loss and damage shall be determined by the applicable Indian law if the loss and damage occurs in Indian [sic] or by the provisions of the applicable law of the country where the loss or damage occurred....*
    >
    > *22        Limitation of action:*



*Bhatia Shipping & Agencies- v –Alcobex Metals Limited*

**Approved Judgment**

> *Any action relating to multimodal transport under these condition [sic] shall be time barred if judicial proceedings have not been instituted within a period of nine months after:*
>
> *(1)    the date of delivery of the goods, or*
>
> *(2)    the date when the goods should have been delivered, or*
>
> *(3)    the date on and from which the party entitled to receive has the right to treat the goods as lost.*
>
> *23    Jurisdiction:*
>
> *In judicial proceedings relating to the contract for [MTD] under these condition the plaintiff, at his option, may institute an action in a court which according to the law of the country where the court is situated, is competent and within the jurisdiction of which is situated one of the following Places:*
>
> *....*
>
> *(c)    the place of taking charge of the goods for multimodal transportation or the place of delivery thereof.."*

I note in passing that clauses 22 and 23 of the MTDs essentially mirror the terms of sections 24 and 25 of the Indian Multimodal Transportation Act of 1993 and thus reflect the relevant Indian law. This is confirmed in the Affidavit of Mr Pratap, an Indian lawyer whose expert advice has been sought by the Claimant.

4.    Having taken charge of the goods, the Claimant shipped them at Mumbai on the vessel PERSEY for carriage to Avonmouth. A liner bill of lading was issued on behalf of the shipowner by Sai Shipping (which was the First Defendant to these proceedings until the claim against it was set aside by Order of Mr Justice Langley dated 16 January 2004). That named the Claimant as shipper and Denholm Shipping Services Limited ("Denholm") as consignee. Denholm was the agent of the Claimant for the onward transport of the goods by road from Avonmouth to Stafford. Alcobex was not a party to the contract of carriage contained in or evidenced by that bill of lading.

5.    The vessel arrived at Avonmouth and the goods were discharged on 9 April 2002. What happened thereafter is that the ship's agents Cory Brothers Shipping Limited (the Third Defendant), evidently at the request of the receivers, authorised the release of the goods without production of the original MTDs and informed the Bristol Port Company (the Fourth Defendant) accordingly. The Fourth Defendant was content to release the goods to the receivers upon payment of the relevant port and handling charges. The receivers then arranged to collect the goods themselves from Avonmouth, despite being informed by Denholm that it had been appointed to carry out the road haulage from Avonmouth. The precise date when the Fourth Defendant released the goods to the receivers is not clear, but since the fact of that release is confirmed by fax correspondence from the Fourth Defendant on 17 May 2002, the release had obviously taken place by that date.

6.    Alcobex alleges that this release was without its knowledge and consent and that the receivers had not paid for the goods, which had been sold on cash against documents terms. Accordingly, it alleges misdelivery and conversion of the goods.



Bhatia Shipping & Agencies- v –Alcobex Metals Limited

**Approved Judgment**

Indian lawyers for Alcobex sent the Claimant a letter before action on 21 September 2002 alleging such misdelivery and conversion and also alleging "collusion" between the shipping company and the receivers. A chasing letter was sent on 29 October 2002, which was then followed by a further letter before action from new lawyers for Alcobex on 6 January 2003 which again advanced a claim in conversion. In fact a yet further firm of lawyers acting for Alcobex sent a further letter before action on 20 June 2003 to the Claimant and a number of other parties (including the other Defendants herein). However, no proceedings were issued by Alcobex at that time.

### The present proceedings

7.    On 4 April 2003 the Claim Form in the present proceedings had been issued, in which the Claimant claimed against the First to Fifth Defendants damages or an indemnity if it is liable to the Sixth Defendant for the misdelivery. Against the Sixth Defendant, Alcobex, it sought a declaration that it is not liable to Alcobex on the ground (among other currently unspecified grounds) that any claim by Alcobex against the Claimant is time barred pursuant to the terms of the MTDs.

8.    On 25 July 2003, the Claimant made an application for leave to serve the proceedings on Alcobex out of the jurisdiction in India. That application was supported by a Witness Statement of the same date of Mr Adrian Hardingham, a partner in the Claimant's solicitors. In that Witness Statement, Mr Hardingham put the application on two grounds:

8.1    Under CPR 6.20(5) (c) on the basis that clause 12 of the MTDs provided for those contracts to be governed by English law as the law of the place where the relevant loss and damage occurred;

8.2    Under CPR Part 6.20(5) (d) on the basis that clause 23 of the MTDs provided a choice to the Claimant as "plaintiff" in these proceedings to bring the proceedings before the English court as being the court within whose jurisdiction the place of delivery was.

On 29 July 2003, Mr Justice Langley made an Order granting the Claimant leave to serve out of the jurisdiction on the basis of that Witness Statement.

9.    As is evidenced by the Affidavit of Service of Mr Govind Singh Rana, a copy of the Claim Form, a Form of Acknowledgment of Service and a copy of the Order of Mr Justice Langley were served on Alcobex in Mumbai on 28 August 2003. The time for acknowledgment of service was 23 days from service of the Claim Form on Alcobex. Within that time Alcobex purported to file an acknowledgment of service on 10 September 2003. However, that acknowledgment was defective and not in accordance with the Civil Procedure Rules ("CPR") Parts 6.5 and 10.5 because it failed to give an address for service within the jurisdiction. This defect was expressly pointed out to Alcobex in a letter from the Commercial and Admiralty Court Registry dated 17 September 2003. In that letter, the Registry said that they had instructions from the Judge in charge of the Commercial List that although the acknowledgment of service was defective, it could be accepted until such time as an application was made to strike it out.    A fresh



Bhatia Shipping & Agencies- v –Alcobex Metals Limited

**Approved Judgment**

acknowledgment of service was enclosed for completion with a solicitor's address for service within the jurisdiction. The letter then warned Alcobex that if an address for service within the jurisdiction was not provided, it might find that the present defective acknowledgment of service was struck out and judgment in default entered.

10.   Alcobex did not serve another acknowledgment of service with a solicitor's address for service within the jurisdiction. It ignored what was said by the Registry in the letter of 17 September 2003. Instead, under cover of a letter of 7 October 2003, it purported to file an application challenging the jurisdiction of the English Court, signed by a director of Alcobex. Of course, under CPR Part 10.1. (3) (b) and Part 11(2), if Alcobex wished to challenge the jurisdiction of the Court, it had first to file an acknowledgment of service which complied with the Rules, specifically one which gave a solicitor's address for service within the jurisdiction. It did not do so. Nevertheless, to the extent necessary to satisfy me that the Court does have jurisdiction and that the present proceedings are properly brought, Mr McParland addressed the various allegations made in the application. I am satisfied that the allegations are without merit and that the Court does have jurisdiction, a matter I address in more detail below. It is particularly striking that in its application Alcobex does not address the time-bar issue which is the basis of the Claimant's claim for a declaration or suggest that it has any defence to it.

11.   One other matter which the application does mention is certain criminal proceedings which Alcobex commenced against the Claimant, three of its directors and Sai Shipping, the former First Defendant to these proceedings and three of its directors, alleging criminal conspiracy with the receivers in England to defraud Alcobex. On about 23 September 2003, Alcobex took out a "non-bailable warrant" of arrest in those criminal proceedings against Mr Shailesh Bhatia, one of the directors of the Claimant. Because the warrant was not backed for bail, Mr Bhatia unfortunately was held in custody until an application for his release could be made. He was not released until 14 October 2003. It would appear that this warrant (and in all probability the criminal proceedings themselves) were designed to put improper pressure on the Claimant in relation to the present proceedings. At all events, from the materials before the Court, the criminal proceedings seem to be wholly without merit.

12.   It is clear that Alcobex had no intention of complying with the CPR by filing a proper acknowledgment of service. This would have entitled the Claimant (as the Commercial Court Registry had warned Alcobex in its letter of 17 September 2003) to apply to strike out or set aside the defective acknowledgment of service and to enter judgment in default or summary judgment. Instead, by an application notice dated 15 January 2004 supported by an Affidavit of Mr Hardingham of that date, the Claimant invited the Court to exercise its inherent jurisdiction to order a full trial on the merits. This jurisdiction was recognised by Mr Justice Colman in *Berliner Bank v. Karageorgis* [1996] 1 Lloyd's Rep 426 and although that is a pre-CPR case, the inherent jurisdiction still exists in an appropriate case. The basis for it (as in that case) is to assist the Claimant in enforcing any judgment against Alcobex in India. The advice received by the Claimant from Mr Pratap is that a default judgment is not enforceable under Indian law. To be enforceable, a



Bhatia Shipping & Agencies- v –Alcobex Metals Limited

Approved Judgment

judgment should be on the merits, after due consideration of the pleadings, evidence and argument and should set out reasons for the decision.

13.   That application came before Mr Justice Moore-Bick, who acceded to the application and, by an Order dated 25 June 2004 made various orders leading up to and including a trial of the action between the Claimant and Alcobex on affidavit evidence alone. It is that trial which I heard on 11 October 2004.

14.   It is quite clear from the materials before the Court that all the applications and supporting Affidavits and all the evidence and written submissions for the current trial have been duly served on Alcobex in India and Alcobex has been well aware of the present trial. It has chosen not to take any steps in these proceedings. Instead, it has commenced proceedings against, inter alia, the Claimants in the High Court of India at Mumbai. Those proceedings were issued on 30 January 2004. An application has apparently been issued by Alcobex for some form of judgment in default against the Claimant but I was informed that that application had been adjourned and has been re-listed for hearing on 28 October 2004. It is not necessary to say anything further about those proceedings since, for reasons I elaborate below, they are clearly time-barred.

15.   Before considering the various issues which arose at the trial and setting out my reasons for concluding that the Claimant is entitled to the judgment it seeks, I should record what materials I have considered in reaching this decision. I have considered and read the various Affidavits and Witness Statements of Mr Hardingham dated 25 July 2003, 21 August 2003, 15 January 2004, 16 June 2004 and 4 October 2004, together with the various exhibits thereto, the Affidavit of Mr Ivan Eggermont dated 1 July 2004 exhibiting his Witness Statement dated 14 January 2004 and the Affidavit of Mr Pratap dated 8 July 2004. I have also considered and read the written materials prepared by Mr McParland (his Skeleton Argument, Chronology and Dramatis Personae). Mr McParland also provided a bundle of relevant authorities, which I have considered and read. He addressed oral argument to me at the trial on 11 October 2004 and answered to my satisfaction various questions I raised.

**Jurisdiction and choice of law**

16.   In my judgment the English Court clearly has jurisdiction over the present claim against Alcobex on both the grounds which formed the basis of the leave to serve out granted by Mr Justice Langley. First, the effect of clause 12 of the Standard Conditions governing MTDs (which Conditions governed the contract(s) of carriage between the Claimant and Alcobex)is to provide for a floating proper law which is objectively ascertainable, here English law as the law of the country where the loss or damage occurred. Undoubtedly, Alcobex's complaint relates to alleged misdelivery in England, so England is the country where the loss and damage occurred. Accordingly, the Court has jurisdiction by virtue of CPR Part 6.20(5) (c) since the relevant contract(s) of carriage are governed by English law so far as the present dispute is concerned.



Bhatia Shipping & Agencies- v –Alcobex Metals Limited

**Approved Judgment**

17. Second, the Court has jurisdiction by virtue of clause 23 of the Standard Conditions, the Jurisdiction clause. That clause does not seek to restrict who may be the "plaintiff" or limit it to the owner of the cargo or the consignor or consignee. Thus, the present Claimant with its claim for a declaration of non-liability is properly described as the "plaintiff" for the purposes of that clause (and indeed would have been the Plaintiff on any Writ under the Rules of the Supreme Court which the CPR superseded). As such, the Claimant is entitled under the clause to bring these proceedings before the English Court as the Court of the country where the place of delivery is located.

18. Furthermore, I am satisfied that England, not India is the proper and appropriate forum for these proceedings. Although it is true that both the Claimant and Alcobex are Indian companies, the alleged misdelivery occurred in England. If the Claimant's claim against the other Defendants had to proceed, the bulk of any evidence would come from England. Since the object of the Claimant's claim against Alcobex is to obviate the need for any such trial because the Court is invited to declare that the Claimant is not liable to Alcobex, I have no doubt that England is the appropriate forum for the determination of the issue between the Claimant and Alcobex. Furthermore, since the contract(s) of carriage are governed by English law so far as the present dispute is concerned, that is a further reason why the English court is the appropriate forum. However, even if I had concluded that the contract(s) were governed by Indian law, it would not alter my view that England is the appropriate forum, particularly since, as emerges from Mr Pratap's Affidavit, in all material respects for present purposes, Indian law is the same as English law.

**Any claim by Alcobex against the Claimant is time-barred**

19. Clause 22 of the Standard Conditions is in very wide terms referring to any action relating to the multimodal transport and thus encompassing whatever claim Alcobex might make in respect of the misdelivery, whether framed in contract or in tort. Since the essential complaint of Alcobex is that the goods were wrongfully delivered to the receivers other than against production of original documents, the relevant sub-paragraphs of clause 22 of the Standard Conditions would seem to be either (2), the date when the goods should have been delivered, which would be some time in April 2002 or (3) on the basis that it was Alcobex who was entitled to receive the goods if the receivers did not produce original documents. It would follow that Alcobex was entitled to treat the goods as lost from the moment when the receivers were permitted to collect them from Avonmouth and take them away. That occurred, at the very latest on 17 May 2002, probably somewhat earlier. In any event, in their Indian proceedings Alcobex admits and asserts that the relevant misdelivery occurred in April/May 2002.

20. It necessarily follows that the 9-month period for the bringing of an action under clause 22 expired, at the latest on 17 February 2003. Once that date had passed, any right of Alcobex to bring an action against the Claimant was extinguished. No authority is needed for this self-evident proposition but *Metalimex Foreign Trade Corp v. Eugenie Maritime* [1962] 1 Lloyd's Rep 378 demonstrates that the



Bhatia Shipping & Agencies- v –Alcobex Metals Limited

Approved Judgment

English courts will construe time-bar clauses as extinguishing the right to bring a claim rather than as having some lesser effect.

21.    Since the relevant contracts of carriage are MTDs, the Hague or Hague-Visby Rules and the 12 month time-limit under those Rules are of no application, but even if they were, that time-limit would have expired, at the latest, on 17 May 2003.

22.    It follows, given that no proceedings were commenced by Alcobex anywhere in the world before that date, that whichever time-limit were to apply, any claim was time-barred at the latest in May 2003 and the right to bring any claim was then extinguished. No proceedings were in fact commenced by Alcobex until those in India commenced on 30 January 2004, which were thus way out of time.

23.    Furthermore, the same conclusion would be reached as a matter of Indian law (if contrary to my conclusion above the contract(s) were governed by Indian rather than English law) as appears from Mr Pratap's Affidavit. This is scarcely surprising given that clause 22 is itself derived from section 24 of the 1993 Indian Act.

**Is the Claimant entitled to a negative declaration?**

24.    Two principles emerge from the authorities cited to me by Mr McParland:

24.1    The Court has jurisdiction to grant negative declaratory relief and whether it should do so in any particular case is an issue of discretion.

24.2    Although in the exercise of its discretion, the Court will be cautious, it will grant such relief if it considers that a useful purpose will be served in doing so and the case is otherwise appropriate.

See *Messier-Dowty v Sabena* [2000] 1 WLR 2040 at pp2049-51 per Lord Woolf MR (and the judgments of Lord Denning MR in the Court of Appeal and Lord Wilberforce in the House of Lords in *Camilla Cotton v. Granadex* [1975] 1 Lloyd's Rep 470 and [1976] 2 Lloyd's Rep 10 cited by Lord Woolf) and *Bristow Helicopters v. Sikorsky Aircraft Corporation* [2004] 2 Lloyd's Rep 150 at 155 (paragraph 25) per Morison J.

25.    In applying those principles to the present case, I have no doubt that to grant the negative declaratory relief which the Claimant seeks would serve a useful purpose and would be entirely appropriate. I reach this conclusion for three principal reasons:

25.1    As set out above, any claim by Alcobex is now time-barred and Alcobex has no answer to this.

25.2    If the effect of a judgment on the merits so declaring is to preclude Alcobex from continuing with its claim against the Claimant in India, that would reflect appropriately that Alcobex has no answer to the



time-bar argument and should prevent Alcobex from further pursuing any proceedings in India.

25.3    Another important and useful effect of such a judgment is that it will not be necessary for the Claimant to pursue its claims against the other Defendants, which are all contingent upon a liability to Alcobex. If there is no such liability, those other claims will fall away.

26.    For all these reasons, I am satisfied that the Claimant is entitled to the negative declaration it seeks. The Claimant is under no liability to Alcobex because any claim by Alcobex (including but not limited to the claim in the High Court of India) is time-barred.

27.    I also conclude that the Claimant is entitled to an Order for the costs of these proceedings against Alcobex (other than the costs of the claim against the erstwhile First Defendant). I was presented with a Statement of Costs at the hearing and summarily assess the costs in respect of which the Claimant is entitled to an Order at £68,000.

# HOLMES HARDINGHAM

MARITIME AND COMMERCIAL SOLICITORS

22-23 GREAT TOWER STREET LONDON EC3R 5HE
TEL: +44 (0)20 7280 3200 FAX: +44 (0)20 7280 3201 DX 636 LONDON/CITY
E-MAIL: Firstname.Surname@HHlaw.co.uk WEBSITE: www.HHlaw.co.uk

## FACSIMILE TRANSMISSION

**To Fax No:**    00 91 291 274 1990

**Addressee:**    ALCOBEX METALS LIMITED

No of Pages including this Page:    1 2

---

**IMPORTANT:** This facsimile is intended only for the addressee. It may contain privileged and/or confidential information.
If you are not the intended recipient please inform us by telephone and return the original to us by post.

---

**Our Ref:**    ACH/DJG/2021068                **Date:**                20 October 2004

**Your Ref:**

Dear Sirs

### BHATIA SHIPPING & AGENCIES PVT LIMITED v.
### SAI SHIPPING COMPANY PVT LIMITED AND OTHERS:
### ALCOBEX METALS LIMITED SIXTH DEFENDANT
### CLAIM NO: 2003 FOLIO 334 IN THE HIGH COURT OF JUSTICE,
### QUEEN'S BENCH DIVISION, COMMERCIAL COURT

We attach by way of service the following:

1. Reasoned Judgment of the Commercial Court Judge.

2. Sealed Court Order.

We draw to your attention the fact that the costs assessed at £68,000 are payable within 14 days of today, that is, no later than 3rd November 2004. Payment should please be made, without deduction of bank charges, to the following account:

> Barclays Bank
> Pall Mall Corporate Banking Group
> 50 Pall Mall
> PO Box 15163
> London SW1A 1QD

> Sort Code:                          20-65-82
> Holmes Hardingham Client Sterling Account:    70468037

Yours faithfully

Holmes Hardingham.

**Holmes Hardingham**

PARTNERS: ADRIAN HARDINGHAM NICHOLAS WALSER DAVID JOHNSTON ANDREW MESSENT TIM KNIGHT JANE HOBBS MARTIN PENNY

ASSOCIATES: IAN RAMSAY (LEGAL EXECUTIVE) NIRANJAN ABEYRATNE CONSULTANTS: PRACTISING: DAVID PADOVAN NON-PRACTISING: ANTHONY HOLMES NICHOLAS GARRETT
ANDREW GOLDSWORTHY

REGULATED BY THE LAW SOCIETY    VAT NO GB 524 7369 33    

15/10 '07 MON 12:48 FAX 0044207280320?        HOLMES HARDINGHAM 3                                    ☐017

20/10 '04 WED 16:40 FAX 00442072603202        HOLMES HARDINGHAM 3                                    ☐001

```
                    *******************
                ***    TX REPORT    ***
                    *******************
```

TRANSMISSION OK

TX/RX NO               2570
CONNECTION TEL             00912912741990
SUBADDRESS
CONNECTION ID          ALCOBEX JODHPUR
ST. TIME               20/10 16:34
USAGE T                06'02
PGS.                   12
RESULT                 OK

# HOLMES HARDINGHAM

## MARITIME AND COMMERCIAL SOLICITORS

22-23 GREAT TOWER STREET LONDON EC3R 5HE
TEL: +44 (0)20 7280 3200 FAX: +44 (0)20 7280 3201 DX 636 LONDON/CITY
E-MAIL: Firstname.Surname@HHlaw.co.uk WEBSITE: www.HHlaw.co.uk

## FACSIMILE TRANSMISSION

**To Fax No:**    00 91 291 274 1990

**Addressee:**    ALCOBEX METALS LIMITED

No of Pages including this Page:    1 2

---

**IMPORTANT:** This facsimile is intended only for the addressee. It may contain privileged and/or confidential information.
If you are not the intended recipient please inform us by telephone and return the original to us by post.

---

**Our Ref:**    ACH/DJG/2021068          **Date:**          20 October 2004

**Your Ref:**

Dear Sirs

### BHATIA SHIPPING & AGENCIES PVT LIMITED v.
### SAI SHIPPING COMPANY PVT LIMITED AND OTHERS:
### ALCOBEX METALS LIMITED SIXTH DEFENDANT
### CLAIM NO: 2003 FOLIO 334 IN THE HIGH COURT OF JUSTICE,
### QUEEN'S BENCH DIVISION, COMMERCIAL COURT

We attach by way of service the following:

1. Reasoned Judgment of the Commercial Court Judge.

2. Sealed Court Order.

We draw to your attention the fact that the costs assessed at £68,000 are payable within 14 days of today, that is, no later than 3rd November 2004. Payment should please be made, without deduction of bank charges, to the following account:

(13)

Barclays Bank
Pall Mall Corporate Banking Group

# IN THE HIGH COURT OF JUSTICE AT LONDON
## QUEEN'S BENCH DIVISION
## COMMERCIAL COURT

### Claim No. 2003 FOLIO 334

Bhatia Shipping and Agencies Pvt. Ltd.                    .....Claimant

Vs.

Sai Shipping Company Pvt. Ltd. & Ors.                    .....Defendants


### AFFIDAVIT OF MR. MANOJ KUMAR, SON OF SHRI MANGE RAM AGED ABOUT 20 YEARS, RESIDENT OF S-1, AKARSHAN BHAVAN, 23, ANSARI ROAD, DARYAGANJ, NEW DELHI-110 002, INDIA


I, the deponent above-named solemnly affirm and state as under:-


1.    That I am Clerk of Shri O. P. Gaggar, Advocate.    I know the facts of the service of the order of the English High Court dated 16th January 2004 other documents and can depose the same.




2.    That on 30th October, 2004 at about 11.00 AM. I personally went to the office of the defendant number 6 namely M/s Alcobex Metals Limited at 4223/1, Ansari Road, Daryaganj, New Delhi-110002 and served on the defendant No. 6 copies of the Order dated 20th October, 2004 and the reasoned judgment of the English High Court dated 20th October 2004 connection with the trial due to take place on 11th October, 2004. Both the above papers were served on the defendant number 6 along with letter of service. The defendant number 6 who has given receipt of the same by putting the stamp and signature on the covering letter as well as the copies of the above papers.

_Manoj_
Deponent

...2

-2-

**VERIFICATION**

I, Manoj Kumar,  the deponent abovesaid hereby verify that the contents of the above para 1 and 2 is correct to my knowledge.  No part of it is false and nothing material has been concealed therefrom. Verified so at New Delhi on this 30th  day of October, 2004.

Deponent.

Solemnly affirmed before me

ATT...........  20.10.04.
DIPANKAR DAS
ADVOCATE
NOTARY PUBLIC
REGD.NO.916
GOVT. OF INDIA
14,LAWYERS CHAMBERS
SUPREME COURT OF INDIA
NEW DELHI  D.....

I Identify the executant / Deponant
Who has Signed in My Presence

Affidavit: Adrian Charles Hardingham
On behalf of the Claimant
Exhibit: "ACH 1"
Sworn        April 2005

IN THE HIGH COURT OF JUSTICE
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

Between:

BHATIA SHIPPING AND AGENCIES PVT. LIMITED

Claimant

- and -

SAI SHIPPING COMPANY PVT LIMITED

First Defendant

UNIVERSE INSURANCE AGENCY LIMITED

Second Defendant

CORY BROTHERS SHIPPING LIMITED

Third Defendant

FIRST CORPORATE SHIPPING LIMITED
(Trading as THE BRISTOL PORT COMPANY)

Fourth Defendant

SALEM TUBE INTERNATIONAL LIMITED

Fifth Defendant

ALCOBEX METALS LIMITED

Sixth Defendant

---

### AFFIDAVIT OF ADRIAN CHARLES HARDINGHAM

---

I, ADRIAN CHARLES HARDINGHAM, Solicitor, of Holmes Hardingham, 22-23 Great Tower Street, London EC3R 5HE, MAKE OATH AND SWEAR as follows:

1.    I am a Partner in the above named firm and have the conduct of this matter on behalf of the Claimant.  I am duly authorised on behalf of the Claimant to make this Affidavit.  The facts and matters contained herein are true to the best of my knowledge and belief and are derived from my own knowledge save as may be indicated or apparent from the context.

2.   There are exhibited to this Affidavit as "ACH1" true copies of the Order herein dated 20th October 2004 and of the Approved Judgment of the same date.

3.   As can be seen, the Order dated 20th October 2004 provided for the Sixth Defendant (Alcobex Metals Ltd) to pay the Claimant's costs of the action, and these costs were assessed at £68,000. It was further ordered that the costs be paid within 14 days of the date of the Order, that is, within 14 days of 20th October 2004.

4.   By fax dated 20th October 2004, I sent Alcobex Metals Ltd copies of the said Approved Judgment dated 20th October 2004 and the said Order dated 20th October 2004. The exhibit "ACH1" incorporates true copies of this fax to Alcobex Metals Ltd and of the transmission report. In the fax, the Approved Judgment was referred to as the Reasoned Judgment of the Commercial Court Judge, and the Order was referred to as the Sealed Court Order.

5.   The said Order and Approved Judgment were also served formally on Alcobex Metals Ltd, and I have incorporated in "ACH1" a true copy of the Affidavit of Service in this respect.

6.   To the best of my knowledge, information and belief, the sum of £68,000 awarded by way of costs by the Order dated 20th October 2004 has not been satisfied.

7.   The sum of £68,000 carries interest at 8% p.a. from 20th October 2004 to the date of payment, pursuant to the Judgments Act 1838.

Sworn

Affidavit: Adrian Charles Hardingham
On behalf of the Claimant
Exhibit: "ACH 1"
Sworn       April 2005

### IN THE HIGH COURT OF JUSTICE
### QUEEN'S BENCH DIVISION
### COMMERCIAL COURT

Between:

### BHATIA SHIPPING AND AGENCIES PVT.
### LIMITED

**Claimant**

- and -

### SAI SHIPPING COMPANY PVT LIMITED
**First Defendant**

### UNIVERSE INSURANCE AGENCY LIMITED
**Second Defendant**

### CORY BROTHERS SHIPPING LIMITED
**Third Defendant**

### FIRST CORPORATE SHIPPING LIMITED
(Trading as THE BRISTOL PORT COMPANY)
**Fourth Defendant**

### SALEM TUBE INTERNATIONAL LIMITED
**Fifth Defendant**

### ALCOBEX METALS LIMITED
**Sixth Defendant**

---

### AFFIDAVIT OF ADRIAN CHARLES
### HARDINGHAM

---

Holmes Hardingham
22-23 Great Tower Street
London EC3R 5HE

Tel:  020  7280 3300
Fax:  020  7280 3201
Ref:  ACH/DJG/2021068

IN THE HIGH COURT OF JUSTICE                                   <u>2003 Folio 334</u>
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BETWEEN:

### BHATIA SHIPPING AND AGENCIES PVT. LIMITED

<u>Claimant</u>

- and -

~~SAI SHIPPING COMPANY LIMITED~~                              <u>~~First Defendant~~</u>

UNIVERSE INSURANCE AGENCY LIMITED                            <u>Second Defendant</u>

CORY BROTHERS SHIPPING LIMITED                               <u>Third Defendant</u>

FIRST CORPORATE SHIPPING LIMITED
(Trading as THE BRISTOL PORT COMPANY)                        <u>Fourth Defendant</u>

SALEM TUBE INTERNATIONAL LIMITED                             <u>Fifth Defendant</u>

ALCOBEX METALS LIMITED                                       <u>Sixth Defendant</u>

"M.V. PERSEY"

I CERTIFY that the Order dated 20th October 2004 and the Approved Judgment dated 20th October 2004 hereto annexed are true copies of the documents filed in the Admiralty & Commercial Court Registry of the Supreme Court of England and Wales.

Dated the 16th day of March      2005

Court Manager of the Admiralty & Commercial Registry of the Supreme Court of England and Wales

THIS IS TO CERTIFY that the above-named Keith Houghton is the proper officer to certify that the Order dated 20th October 2004 and the Approved Judgment dated 20th October 2004 hereto annexed are true copies of the original Order and Approved Judgment on the file of the Admiralty & Commercial Court Registry of the Supreme Court of England and Wales.

Dated the 16th day of march      2005

The Admiralty Registrar of the Queen's Bench Division of the Supreme Court of England and Wales

IN THE HIGH COURT OF JUSTICE                              2003 Folio 334
QUEEN'S BENCH DIVISION
COMMERCIAL COURT

BEFORE MR. JULIAN FLAUX Q.C.
SITTING AS A DEPUTY HIGH COURT JUDGE    (IN PUBLIC)

Between:

BHATIA SHIPPING AND AGENCIES PVT. LIMITED
                                                         Claimant
                          -and-
          ~~SAI SHIPPING COMPANY LIMITED~~
                                                    ~~First Defendant~~

UNIVERSE INSURANCE AGENCY LIMITED
                                                  Second Defendant

CORY BROTHERS SHIPPING LIMITED
                                                   Third Defendant

FIRST CORPORATE SHIPPING LIMITED
(Trading as THE BRISTOL PORT COMPANY)
                                                  Fourth Defendant

SALEM TUBE INTERNATIONAL LIMITED
                                                   Fifth Defendant

ALCOBEX METALS LIMITED
                                                   Sixth Defendant

                    "M.V. Persey"

                        ORDER
              Dated 20th October 2004

UPON HEARING Counsel for the Claimant in the trial of the action against the
Sixth Defendant on the 11th October 2004,

AND FOR the reasons set out in the written judgment of the Court handed down on
the 20th October 2004;

IT IS HEREBY ORDERED that:

(1)    There be Judgment for the Claimant in its action against the Sixth Defendant.
       It is hereby adjudged and declared that the Claimant is not liable to the Sixth
       Defendant in respect of all and any claims arising out of or relating to

                                                                              1

contracts of multi-modal transport contained in or evidenced by two multi-modal transport documents dated 2nd February 2002 numbered BOM/WMD/047 and BOM/STF/048 ("*the MTDs*"), on the basis that any such claims are time-barred under the provisions of condition 22 of the said MTDs.

(2)    The Sixth Defendant do pay the Claimant's costs of the action. Such costs are summarily assessed in the sum of £68,000, and are to be paid within 14 days of the date of this Order.

15/10 '07 MON 12:51 FAX 004420/2803202    HOLMES HARDINGHAM 3    ☑026

2003 FOLIO 334

"PERSEY"

ORDER

HOLMES HARDINGHAM
MARITIME AND COMMERCIAL SOLICITORS

22-23 GREAT TOWER STREET
LONDON EC3R 5HE
TEL: +44 (0)20 7280 3200

ref ACH/2021068