UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
BHATIA SHIPPING AND AGENCIES PVT. LTD. :
                                    :
                                    :   Docket No.: 1:07-cv-9346(BSJ)
             Plaintiff,             :
                                    :
      -against-                     :
                                    :
ALCOBEX METALS LTD.,                :
                                    :
             Defendant.             :
                                    :
------------------------------------X


### DEFENDANT ALCOBEX'S REPLY MEMORANDUM OF LAW
### IN SUPPORT OF MOTION TO VACATE MARITIME ATTACHMENT


**HILL RIVKINS & HAYDEN LLP**

Attorneys for Defendant
Alcobex Metals Ltd.

45 Broadway - Suite 1500
New York, New York 10006
(212) 669-0600


**OF COUNSEL:**
  **JAMES A. SAVILLE, JR.**
  **CHRISTOPHER M. PANAGOS**

## PRELIMINARY STATEMENT

Defendant Alcobex Metals Ltd. ("Alcobex") respectfully submits this memorandum of law in reply to plaintiff Bhatia Shipping and Agencies Pvt Ltd.'s ("Bhatia") memorandum of law in opposition to Alcobex's motion to vacate the Process of Maritime Attachment and Garnishment obtained by Bhatia. As set forth herein, since the English Judgment for costs is not a maritime claim, Bhatia lacks the necessary legal predicate for an attachment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). As such, Alcobex respectfully submits that Bhatia's attachment must be vacated and the funds immediately released.

## ARGUMENT

### POINT I

### AN ENGLISH JUDGMENT FOR COSTS IS NOT A MARITIME CLAIM WITHIN THE MEANING OF RULE B

In order to sustain its attachment of Alcobex's funds, there is no question that Bhatia bears the burden of establishing that it has a valid maritime claim. *See Aqua Stoli Shipping Ltd. v. Gardner Smith Pty Ltd.*, 460 F.3d 434 (2d Cir. 2006). Despite the simplicity of this fundamental *prima facie* requirement of Rule B and the artistic liberties taken by Bhatia in its brief, Bhatia fails to address the real issue in this case with respect to the existence of a maritime claim.[1] Alcobex does not dispute that admiralty jurisdiction exists over a claim to enforce a

---

[1] For example, at page 1 of its brief, Bhatia asserts that "The original bill of lading together with the multimodal transport documents [issued by Bhatia and identifying Bhatia as the carrier] act as receipt for the cargo . . ." yet later at page 3 characterize these same "receipts" as the contract under which Bhatia claims it was entitled to file suit in England.

foreign judgment that is itself a maritime claim. *See Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B.*, 825 F.2d 709 (2d Cir. 1978). The real question, however, is whether an English judgment for costs is a maritime claim within the meaning of Rule B. Bhatia has presented absolutely no evidence that such a judgment is a maritime claim under English law and thus has failed to meet it burden of demonstrating that it was entitled to an *ex parte* order for the issuance of Process of Maritime Attachment and Garnishment.[2] Alcobex submits that such an exercise, however, would be futile as under both English law and U.S. law, a judgment solely for costs is, in fact, not a maritime claim.

Addressing this very issue just over a week ago in *Naias Marine S.A. v. Trans Pacific Carriers, Co. Ltd.*, 2008 WL 111003 (S.D.N.Y. Jan. 10, 2008), Judge Leisure vacated an attachment based solely on a claim for legal fees and costs finding that such a claim was not a maritime claim under either U.S. or English law.[3] Plaintiff respectfully submits that this Court can and should similarly find that Bhatia's claim for legal fees and costs is not a maritime claim.

In *Naias*, plaintiff, the owner of the M/V STENTOR, chartered the vessel to defendant, Trans Pacific Carriers, for two to three voyages. After the vessel was withdrawn from service by Naias, certain disputes arose between the parties. In response to Trans Pacific's demand for arbitration in London pursuant to the charter party, Naias sought security for its estimated costs

---

[2] Bhatia's claim against Alcobex in the High Court was decided under English law.

[3] Bhatia's failure to cite *Naias* as adverse authority is particularly troubling since it was Bhatia's law firm in *Naias* that was successful in arguing that a claim solely for costs is not a maritime claim under either English or U.S. law.

in defending Trans Pacific's arbitration claim. *Naias*, 2008 WL 111003 at *2. Accordingly, Naias obtained an Order directing the Clerk to issue Process of Maritime Attachment and Garnishment against Trans Pacific. *Id.* After certain funds of Trans Pacific were attached, Trans Pacific moved to vacate the attachment on the grounds that a claim for legal fees and costs is not a maritime claim under either U.S. or English law.

In reaching the decision that a claim for costs was not a maritime claim under English law, the *Naias* court relied upon the affirmation of Max Cross, noting:

> Mr. Cross states that "[u]nder English law, defense legal costs awarded in arbitration do not fall within the English law definition of an 'admiralty claim.'" . . . In support of his conclusion, Mr. Cross states that "[t]he English legal system draws a clear distinction between the damages in the substantive sense, for example a claim for damages under a [charter party], and the legal costs/attorney fees awarded after the claim has been decided. The costs are determined after the Court has ruled on the substantive merits." . . . Substantive damages under a charter party would be a "claim arising out of any agreement relating to the carriage of goods in a ship or to the use or hire of a ship." . . . A claim for legal costs and fees, however, arises out of an arbitration award, "which is distinct from the charterparty [sic] and which is not [an] 'agreement in relation to the use or hire of a ship.'" . . . Thus, if Naias is successful at arbitration, it would have a claim for legal fees and costs, but such a claim would not be an admiralty claim under English law.

Consequently, the court in *Naias* held that a claim for costs was not a maritime claim under English law. Likewise, although Bhatia's action sought a declaration that Alcobex's claim under the MTDs was time barred, that claim is separate from its Bhatia's claim for costs. Bhatia's claim for costs does not arise out of any provision of the contract of carriage (the MTD), but rather it arises out of a unique feature of English substantive – not maritime - law in general As noted above, "such a claim would not be an admiralty claim under English law." In fact, the *Naias* Court also correctly reached an identical conclusion under U.S. law.

3

Under federal law, an admiralty claim must relate to a traditional maritime activity. *See, e.g.*, *Pires v. Heller*, 2004 WL 2711075, *2 (S.D.N.Y. 2004) *(quoting, Fednav, Ltd. v. Isoramar, S.A.*, 925 F.2d 599, 601 (2d Cir.1991)* ("[i]f the subject matter of the contract relat[es] to a ship in its use as such, or to commerce or to navigation on navigable waters, or to transportation by sea or to maritime employment it is fairly said to constitute a maritime contract")). In *Dolco Investments, Ltd. v. Moonriver Development, Ltd.* the court adds that: "[i]n determining whether a contract falls within the admiralty jurisdiction, the 'true criterion is the nature and subject matter of the contract, having reference to maritime service or maritime transactions.'" 486 F.Supp.2d 261, 266 (S.D.N.Y.2007) (quoting *Exxon Corp. v. Central Gulf Lines, Inc.*, 500 U.S. 603, 610 (1991)).

In *Pires*, the plaintiff sued his former attorney for conversion, fraud, and breach of fiduciary duty, among other things, related to representation in an underlying maritime matter. The defendant attorney sought to remove the matter to federal court claiming maritime jurisdiction. In ruling that the subject matter was non-maritime the district court noted that although the original action in which defendant had represented the plaintiff may have been a maritime matter, plaintiff's claims in the current case before the court arose out of its contracts with the defendant regarding its legal fees. The court then went on to state that: "Simply labeling these claims as 'maritime' does not make them so. Nor can the fact that the previous lawsuit involved maritime claims be sufficient to establish admiralty jurisdiction over any future lawsuits arising between the parties" and properly concluded that admiralty jurisdiction was lacking. *Pires*, 2004 WL 2711075 at *3.

In *Naias*, the district court similarly found that:

> [J]just because the *Trans Pacific* action and the London arbitration involve maritime claims, that alone is not sufficient to establish admiralty jurisdiction over Naias's action. Thus, Naias's claim is for legal costs, which are not a maritime concern.
> . . .
> Naias's claim is one for legal costs arising out of an arbitration, which is not a "uniquely maritime concern. [*Am. Home Assur. Co. v. Merck & Co., Inc.*, 329 F.Supp.2d 436, 440 (S.D.N.Y.2004).] Rather, as in *Pires,* Naias's claim relates to legal representation. Thus, Naias's claims are "too tangential to maritime law to be considered 'maritime claims.'" *Id.*

*Naias*, 2008 WL 111003 at *4.

The fact that legal fees and costs may be incurred in prosecuting or defending a maritime claim does not transform these legal fees and costs into a maritime claim. Indeed, there is nothing uniquely maritime about a claim for legal fees and costs. Such a claim is not related to a traditional maritime activity; it is not related to the business of shipping, the navigation of ships or maritime commerce in general.[4] That Bhatia labels its judgment of costs as a maritime claim does not make it one under either English or U.S. law and as such, it cannot properly be considered a maritime claim.

---

[4] In fact, under U.S. law, a claim for legal fees and costs does not give rise to a maritime lien. *See. e.g., Gulf Marine & Industrial Supplies, Inc. v. M/V GOLDEN PRINCE,* 230 F.3d 178 (5th Cir. 2000); *Patricia Hayes & Assoc. v. M/V BIG RED BOAT II,* 2002 WL 1163555 (S.D.N.Y. 2002), *aff'd* 339 F.3d 76 (2d Cir. 2003). These cases further support the conclusion that a claim for legal fees and costs associated with prosecuting or defending a maritime claim should not itself be considered a maritime claim.

## POINT II

## EQUITY DEMANDS THAT BHATIA'S ATTACHMENT BE VACATED

Notwithstanding the fact that Bhatia cannot sustain its legal burden of demonstrating that a judgment for costs is a maritime claim, equity also demands that Bhatia's attachment be vacated.

While the suit filed by Bhatia and its underwriters in London appears to have been commenced prior to June 20, 2003, the date on which Alcobex's counsel sent a final demand letter to Bhatia in India (*See* Kanunga Aff. Ex. 6), there is no question that the suit filed by Bhatia was designed to remove a dispute governed by Indian law between Indian parties for a shipment originating in India to a more favorable, inconvenient forum 4,000 miles away from Alcobex's offices. While England may have been an optional forum set forth in Bhatia's contract of adhesion(i.e., the MTD), other contractual forums were all in India, where Alcobex has properly chosen to pursue its claims. Although the English Court did not have any trouble concluding England was a convenient forum to adjudicate Bhatia's declaratory action, a U.S. Court would have taken a substantially different view. *See, e.g., Houston General Ins. Co. v. Equitable Life Assur. Soc. of U.S.*, 1989 WL 13473, *3 (W.D.N.Y. 1989) (noting that "Houston, by filing its suit before informing Equitable of its decision to deny the claim, broke the tape before Equitable was able even to settle itself into the starting blocks. The declaratory judgment remedy should not be used for such purpose especially when there is an adequate alternative remedy in a forum that is clearly as convenient and just as competent to adjudicate the rights and obligations of all parties concerned."). Based on the facts of this matter, equity dictates that Bhatia's attachment should be vacated.

Further, though Bhatia conveniently concludes that Alcobex could have litigated in London by virtue of the fact that it has retained U.S. and Indian counsel(at a cost much less that the fees charged in England), it ignores the fact that Bhatia's underwriters-not Bhatia- incurred an unbelievable USD$130,000 in costs for obtaining an unopposed judgment. Any litigation in England would have easily exceeded twice that amount, an amount that would have imposed a significant financial burden on Alcobex. In addition, Bhatia claims that England was a convenient forum by virtue of the fact that all parties were subject to jurisdiction equally misses the point. Alcobex had an agreement with Bhatia to safely deliver the cargo to destination. As Bhatia failed to re-deliver the cargo, Bhatia acknowledged that it was prima facie liable to Alcobex. (*See* Kanunga Aff. Ex. 5 (". . . please advise us what reply is to be sent [to Alcobex] as we find no legal defense in the instant case where. . .misdelivery has been admitted more than once in correspondence exchanged in the shipper[Alcobex].")). Alcobex submits that whether Bhatia could recover over against any other parties is irrelevant to the question of whether the claim between Bhatia and Alcobex should have been litigated in India. Plainly, litigation in England deprived Alcobex of any meaningful chance to defend itself.

Bhatia obtained the result it wanted: a declaration that it was not liable to Alcobex. Alcobex, however, did not get what it bargained for in its agreement with Bhatia and, as a result, lost cargo valued at over USD$180,000. Alcobex suggests that now letting Bhatia and/or its underwriters recover USD$130,000 in costs, which would bring Alcobex's losses as a result of Bhatia's undisputed breach of contract to over USD$300,000, is simply penal in nature and cannot be sanctioned by this Admiralty Court. Bhatia does not dispute that this Court has the

7

inherent power to vacate the attachment and, therefore, as a matter of equity, Alcobex respectfully submits the attachment must be vacated.

## CONCLUSION

For the reasons set forth herein, it is clear that Bhatia's judgment for costs is not a maritime claim and, therefore, Alcobex Metals Ltd. respectfully submits that the Process of Maritime Attachment and Garnishment obtained by plaintiff must be vacated and the funds immediately released. To the extent Bhatia's judgment for costs is considered a maritime claim, there are numerous equitable grounds on which Alcobex respectfully submits that Process of Maritime Attachment and Garnishment should be vacated.

Dated: New York, New York
        January 23, 2008

                                    HILL RIVKINS & HAYDEN LLP
                                    Attorneys for Defendant
                                    Alcobex Metals Ltd.

                                    *Christopher M Panagos*
                                    James A. Saville, Jr.
                                    Christopher M. Panagos
                                    45 Broadway, Suite 1500
                                    New York, New York 10006
                                    (212) 669-0600

TO:
Michael E. Unger, Esq.
Freehill Hogan & Mahar LLP
80 Pine Street
New York, New York 10005

Attorneys for Plaintiff
Bhatia Shipping and Agencies Pvt. Ltd.

8