513-07/MEU/LJK

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BHATIA SHIPPING AND AGENCIES PVT. LTD.,

                            Plaintiff

                                                                                  07 CIV 9346 (BSJ)
   -against-

ALCOBEX METALS LTD.,

                            Defendant.
------------------------------------------------------------------x


**PLAINTIFF'S SUR-REPLY MEMORANDUM OF LAW
IN FURTHER OPPOSITION TO MOTION TO VACATE ATTACHMENT**

                                                        Freehill Hogan & Mahar, LLP
                                                        Attorneys for Plaintiff
                                                        Bhatia Shipping and Agencies Pvt. Ltd.
                                                        80 Pine Street
                                                        New York, NY 10005
                                                        (212) 425-1900 / (212) 425-1901 (fax)


<u>Of Counsel</u>
Michael E. Unger (MU 0045)
Lawrence J. Kahn (LK 5215)

NYDOCS1/298130.1

## PRELIMINARY STATEMENT

This memorandum of law, together with the supporting sur-reply declaration of Adrian Hardingham, is narrowly tailored and respectfully submitted as Bhatia's sur-reply to the Reply Memorandum of Law submitted by Alcobex in order to address misrepresentations and legal issues newly raised in Alcobex's Reply Brief.

## ARGUMENT

### POINT I

#### A SUR-REPLY IS APPROPRIATE WHERE THE REPLY MEMORANDUM RAISES NEW ISSUES

The law of this circuit generally permits sur-reply papers to be served by the non-moving party in response to new argument, evidence or case law introduced in the moving party's reply papers. "Where new evidence is presented in a party's reply brief or affidavit…the district court should permit the nonmoving party to respond to the new matters prior to the disposition of the motion." Bonnie & Co. Fashions, Inc. v. Bankers Trust Co., 945 F. Supp. 693, 708 (S.D.N.Y. 1996) (quoting Litton Indus. v. Lehman Bros. Kuhn Loeb Inc., 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991) *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992)). A sur-reply should therefore be permitted when the moving party attempts to "spring upon [the opposing party] new reasons for" granting the relief requested in the motion. Id.

New York courts similarly routinely allow submission of sur-reply papers when defendants' papers raise new issues of law or fact requiring a response, and have held that courts should not consider new arguments introduced in reply papers unless an opportunity to respond to those arguments is granted. Scherrer v. Time Equities, Inc., 218 A.D.2d 116, 120-121, 634 N.Y.S.2d 680, 682 (1st Dept. 1995) (holding that

"[a]rguments advanced for the first time in defendants' reply papers are entitled to no consideration by a court entertaining [the] motion"). New York's Court of Appeals has emphasized the importance of granting the non-moving party an opportunity to submit rejoinder papers to "obviate[e] any danger of prejudice." Held v. Kaufman, 91 N.Y.2d 425, 430, 694 N.E.2d 430, 432, 671 N.Y.S.2d 429, 431 (1998). *See also* ARC Municipal Securities Corp. v. Kleinberg, Kaplan, Wolff & Cohen, 171 A.D.2d 441, 443, 567 N.Y.S.2d 26, 27 (1st Dept. 1991) (an opportunity to submit sur-reply papers avoids prejudicial surprise). *See also* Bongiovanni v. Staten Island Medical Group, P.C., 188 Misc.2d 362, 363, 728 N.Y.S.2d 345, 346 (New York 2001) (granting plaintiff an opportunity to submit a sur-reply memorandum of law in response to new case citations submitted in defendant's reply memorandum).

This sur-reply addresses only the misrepresentations, new legal arguments, and new case citation recently submitted in Alcobex's Reply. For the reasons set forth herein, and for those established in Plaintiff's responsive papers, Defendant's motion should be denied.

## POINT II

### DEFENDANT'S RELIANCE ON *NAIAS MARINE* IS ENTIRELY MISPLACED

Defendant Alcobex's reply brief, after agreeing with Plaintiff that Victrix S.S. Co., S.A. v. Salen Dry Cargo A.B., 825 F.2d 709 (2d Cir. 1978) governs this matter,[1] points to Judge Leisure's recent decision in Naias Marine S.A. v. Trans Pacific Carriers, Co. Ltd., 2008 U.S. Dist. LEXIS 2438 (S.D.N.Y. Jan. 10, 2008) for the proposition that "a claim for legal fees and costs…[is] not a maritime claim under U.S. or English law"

---

[1] Alcobex specifically agrees that "admiralty jurisdiction exists over a claim to enforce a foreign judgment that is itself a maritime claim". Reply Brief at 1-2.

(Reply Brief at 2). Alcobex's reliance on Naias Marine for this proposition in connection with an attempt to vacate the Rule B attachment in this action is entirely misplaced and should be rejected.[2]

Given that the vast majority of the Reply Brief submitted by Alcobex is dedicated to its argument related to Naias Marine, it is worthwhile to present a full understanding of the case and not just the snippets offered in Alcobex's brief.[3] The dispute between Naias Marine and Trans Pacific related to the charter of the M/V STENTOR. Trans Pacific had an affirmative claim against Naias Marine and sought arbitration of that claim in London, pursuant to the arbitration agreement found in the charter. In connection with its arbitration, Trans Pacific sought security from Naias Marine by way of a Rule B attachment in this Court.[4] The Rule B application was granted and Trans Pacific successfully restrained funds of Naias Marine. The parties resolved Trans Pacific's New York action by having Naias Marine establish alternative security in England for Trans Pacific's claim. The New York action commenced by Trans Pacific was thereafter withdrawn.[5] Shortly after Trans Pacific's New York action was terminated, Naias Marine commenced its own Rule B application before this Court, seeking security, not for any affirmative maritime claim, but instead seeking security only for the attorneys fees and disbursements it hoped to win in the London arbitration with Trans Pacific.

Trans Pacific moved to vacate Naias Marine's Rule B attachment on the basis that Naias Marine's claim for attorneys fees and costs was (a) premature in that the claim

---

[2] Alcobex's *ad hominem* attack against undersigned counsel is unfortunate and entirely misdirected. The simple fact of the matter is that Naias Marine is inapposite to the application before the Court and there was no need to bring this irrelevant decision to the Court's attention.
[3] To be clear, this firm represented Defendant Trans Pacific Carriers, Co. Ltd. in Naias Marine.
[4] Trans Pacific Carriers Co. Ltd. v. Naias Marine S.A., 07 CIV 9544.
[5] Naias Marine sought no countersecurity whatever in the Trans Pacific action in New York.

NYDOCS1/298130.1                                3

would only come to fruition if Naias Marine was successful in the arbitration and Trans Pacific failed to pay, (b) waived as a result of Naias Marine's failure to bring its request for security as a counterclaim in Trans Pacific's action, and (c) not a maritime claim in any event, as the claim was merely for attorneys fees and costs. Judge Leisure agreed on points (b) and (c) and as a consequence had no need to reach point (a).

There is a substantial difference, though, between the situations in Naias Marine and in Victrix, and that difference is based on the status of the cases. In Victrix, the Second Circuit ruled that a maritime *judgment* of another Court invokes the maritime jurisdiction of a U.S. Court when the U.S. Court is asked to recognize and enforce the foreign judgment. In Naias Marine, the question was one of whether a particular *claim* gave rise to maritime jurisdiction.

In the instant action, there can be no question that the judgment obtained by Bhatia in England was maritime. *See* Hardingham Declaration ¶13.[6] The dispute between Bhatia and Alcobex concerned the delivery of cargo transported by sea, as governed by a bill of lading and multimodal transport documents. The maritime nature of the relationship between Bhatia and Alcobex cannot in good faith be denied. Bhatia succeeded in the English Court not only because Bhatia failed to appear, but also because, under relevant maritime law and the terms of the maritime contractual agreements entered into between the parties, Alcobex had failed to assert any claim whatever within the required time period and its claim was therefore time-barred. It is notable that Alcobex has made no attempt to appeal. Bhatia accordingly won a maritime declaratory judgment of non-liability to Alcobex and was further awarded the sum of £68,000 against Alcobex. It is that maritime *judgment* of the English High Court that

---

[6] Alcobex has not challenged the Hardingham Declaration.

NYDOCS1/298130.1                                   4

Bhatia seeks recognition and enforcement of here, just as was the case in Victrix. Bhatia is not in any sense making a *claim* for attorneys fees and costs as was the case in Naias Marine.

By way of further background, the decision in Naias Marine with respect to the English law point regarding whether a *claim* for costs and fees is maritime in nature traced to a decision of the English High Court, the Bumbesti, as cited by the Naias Marine defendant's English solicitor, Mr. Cross. As noted in the annexed Hardingham Sur-Reply Declaration, the question for decision in Bumbesti was whether the English vessel arrest statute was applicable to an action to enforce an arbitration award. The English statute provides that the Admiralty Court has jurisdiction to hear and determine "any claim arising out of any agreement relating to the carriage of goods in a ship or to the use or hire of a ship." While the English Court held generally that an action to enforce an arbitration award does not come within this statutory provision, the experienced English solicitors acting for both parties in the Bumbesti agreed that the claim to enforce the arbitration award did "arise in connection with a ship" and the English Court agreed with that view. Hardingham Sur-Reply Declaration ¶3, 4. Accordingly, the Bumbesti is not on point with regard to the issue in this case, which is whether an action to recognize and enforce a foreign maritime *judgment* invokes the maritime jurisdiction of this Court. The Second Circuit, it is agreed by both sides herein, has already spoken to this issue in Victrix and clearly held that it does.

It is unrefuted that a judgment obtained from the English High Court of Justice on this maritime claim for misdelivery of cargo, to the effect that Bhatia had no liability for it, is a maritime judgment under the law of England. It is this unsatisfied maritime

judgment that Bhatia seeks to enforce before this Court in New York. Hardingham Sur-Reply Declaration ¶6.

Indeed, to carry Alcobex's argument to its logical conclusion, security could never be obtained for attorneys fees and costs, regardless of recoverability under applicable law, on the basis that (as Alcobex incorrectly argues) attorneys fees and costs are not maritime in nature. This is plainly not the case, as such fees and costs are routinely permitted under the plain reading of Rule B which allows for a maritime plaintiff to seek an attachment "***up to the amount sued for***", which includes (of course) recoverable attorneys fees and costs. Alcobex is simply reading too much into Judge Leisure's decision in Naias Marine. Judge Leisure makes it eminently clear that his decision in Naias Marine was based on the fact that an action making a ***claim*** solely for attorneys fees and costs – without more – does not give rise to this Court's ***independent*** maritime jurisdiction:

> Naias, however, has asserted only a claim for legal costs, without more. While Rules E(2)(b) and E(7) may be indicative of the Court's ability to grant security for costs under other circumstances, here, where Naias has failed to set forth a maritime claim, those rules do not apply. Naias has failed to meet is burden of showing that maritime or admiralty jurisdiction exists.

Naias Marine, at *17-18.

Alcobex's reliance on Naias Marine is wholly misplaced and the arguments raised for the first time in its Reply Brief regarding that case should accordingly be rejected. Its other arguments found in the Reply Brief should be rejected on the bases set forth in Bhatia's responsive papers.

## CONCLUSION

For all the foregoing reasons, the application made by Alcobex to vacate the attachment should be denied.

Dated: February 1, 2008

                                       Respectfully submitted,

                                       FREEHILL HOGAN & MAHAR, LLP
                                       Attorneys for Plaintiff
                                       Bhatia Shipping and Agencies Pvt. Ltd.

By: _____
                                       Michael E. Unger (MU 0045)
                                       Lawrence J. Kahn (LK 5215)
                                       80 Pine Street
                                       New York, NY  10005
                                       (212) 425-1900 / (212) 425-1901 (fax)