# EXHIBIT A

JAMES A. SAVILLE, JR.
KIPP C. LELAND
HILL RIVKINS & HAYDEN LLP
Attorneys for Defendant
Alcobex Metals Ltd.

45 Broadway - Suite 1500
New York, New York 10006
(212) 669-0600

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
:
BHATIA SHIPPING AND AGENCIES PVT. LTD.  :
:   Docket No.: 1:07-cv-9346(BSJ)
Plaintiff,  :
:
-against-  :   **AFFIRMATION**
:
ALCOBEX METALS LTD.,  :
:
Defendant.  :
:
------------------------------------X

I, **CHRISTOPHER JOSEPH DUNN**, hereby affirm under the penalty of perjury as follows:

1. I am a partner at Waltons & Morse LLP. I was admitted as a solicitor of England and Wales in 1991 and have been a partner since 1996. I deal extensively in marine disputes of an international nature.

2. I make this affirmation in support of Alcobex's motion to vacate the Process of Maritime Attachment and Garnishment obtained by Bhatia Shipping and Agencies Pvt. Ltd. ("Bhatia").

3. The answer to the question of whether a claim is a "maritime one", and therefore whether within the jurisdiction of the Admiralty Court of the English High Court, is to be found in section 20 of the Supreme Court Act ("SCA") 1981. The Plaintiffs' action before the English courts was commenced before the Commercial Court in Folio No. 334 (as opposed to

the Admiralty Registry). This in itself indicates that the Plaintiffs did not feel that this was a "maritime claim" under the SCA. A copy of the relevant section of the SCA is attached.

4. Section 20(1)(a) of the SCA states that the Admiralty Court has jurisdiction "*to hear and determine any of the questions and claims mentioned in subsection (2).*" Subsection (2) lists a number of claims which are considered to be maritime claims, and therefore gives the Admiralty Court jurisdiction over these claims. Enforcement of a judgment or arbitration award cannot be found in this list, and is therefore in itself not within the scope of the section 20(2). As Mr. Hardingham appears to accept, this was the point ruled on the *Bumbesti* case.

5. Accordingly, enforcement of a judgment including as here, solely for legal costs, which is what the Plaintiffs seek to do in the United States, would not be considered, in my opinion, a "maritime claim".

6. Mr. Hardingham has sought to rely on the comment by Mr. Justice Aikins that "*No point was taken by the defendants on section 21(4)(a) that this claim did not 'arise in connection with a ship'* ", and inferred from this that there was agreement amongst the parties that the claim arose in connection with a ship.

7. It would assist to quote the relevant parts of section 21(4) to explain why this does not have an impact upon the question of whether or not the claim is a "maritime one" for the purposes of Rule B.

8. Section 21(4) allows an action *in rem* to be brought in the High Court if the claim arises in connection with a ship, where the liable person in an action *in personam* is the owner, charterer of, or in possession or control of the ship, **and** the claim is mentioned in section 20(2)(e) to (r) - i.e it is a maritime claim.

9. In the *Bumbesti* case, the claim was not considered to be a maritime claim within the jurisdiction of the Admiralty court as an action to enforce an arbitration award does not come within the statutory provision of the SCA. The question of whether that award arose in connection with a ship was irrelevant to the court when considering the court's jurisdiction.

- 3 -

10. In any event, the judgment which the Plaintiffs seek to enforce in the United States by virtue of the Rule B attachment is an order for costs. The declaration of non-liability that the Plaintiffs have obtained before the English court is <u>not</u> a "claim" or judgment that the Plaintiffs are seeking to enforce before the Court in New York.

12. It follows that seeking to enforce an order for costs for a matter which is not a "maritime claim" in itself does not come within the scope of a maritime claim under section 20(2) of the SCA (for the reasons set out above) and therefore is not within the jurisdiction of the Admiralty court under the SCA, and would in my opinion not be considered a maritime claim.

13. As referred to by Max Cross in NAIAS MARINE S.A -v- TRANS PACIFIC CARRIERS CO. LTD. 2008 WL 111003, the claim for costs is procedural as opposed to substantive under English law. An award for costs is made pursuant to Rules 43 to 48 of the Civil Procedure Rules 1998, which set out the rules of procedure for the English courts to follow once litigation commences.

I hereby affirm under the penalty of perjury of the United States of America that the foregoing statements and true and accurate. Executed on April 24, 2008.

_____

14         c. 54         *Supreme Court Act 1981*

PART II

(b) all such other jurisdiction (whether civil or criminal) as was exercisable by it immediately before the commencement of this Act (including jurisdiction conferred on a judge of the High Court by any statutory provision).

(3) Any jurisdiction of the High Court shall be exercised only by a single judge of that court, except in so far as it is—

(a) by or by virtue of rules of court or any other statutory provision required to be exercised by a divisional court; or

(b) by rules of court made exercisable by a master, registrar or other officer of the court, or by any other person.

(4) The specific mention elsewhere in this Act of any jurisdiction covered by subsection (2) shall not derogate from the generality of that subsection.

*Admiralty jurisdiction*

Admiralty jurisdiction of High Court.

**20.**—(1) The Admiralty jurisdiction of the High Court shall be as follows, that is to say—

(a) jurisdiction to hear and determine any of the questions and claims mentioned in subsection (2);

(b) jurisdiction in relation to any of the proceedings mentioned in subsection (3);

(c) any other Admiralty jurisdiction which it had immediately before the commencement of this Act; and

(d) any jurisdiction connected with ships or aircraft which is vested in the High Court apart from this section and is for the time being by rules of court made or coming into force after the commencement of this Act assigned to the Queen's Bench Division and directed by the rules to be exercised by the Admiralty Court.

(2) The questions and claims referred to in subsection (1)(a) are—

(a) any claim to the possession or ownership of a ship or to the ownership of any share therein;

(b) any question arising between the co-owners of a ship as to possession, employment or earnings of that ship;

(c) any claim in respect of a mortgage of or charge on a ship or any share therein;

(d) any claim for damage received by a ship;

(e) any claim for damage done by a ship;

(f) any claim for loss of life or personal injury sustained in consequence of any defect in a ship or in her apparel

*Supreme Court Act 1981*     c. 54     15

Part II

or equipment, or in consequence of the wrongful act, neglect or default of—

    (i) the owners, charterers or persons in possession or control of a ship ; or

    (ii) the master or crew of a ship, or any other person for whose wrongful acts, neglects or defaults the owners, charterers or persons in possession or control of a ship are responsible,

being an act, neglect or default in the navigation or management of the ship, in the loading, carriage or discharge of goods on, in or from the ship, or in the embarkation, carriage or disembarkation of persons on, in or from the ship ;

(g) any claim for loss of or damage to goods carried in a ship ;

(h) any claim arising out of any agreement relating to the carriage of goods in a ship or to the use or hire of a ship ;

(j) any claim in the nature of salvage (including any claim arising by virtue of the application, by or under section 51 of the Civil Aviation Act 1949, of the law relating to salvage to aircraft and their apparel and cargo) ;    1949 c. 67.

(k) any claim in the nature of towage in respect of a ship or an aircraft ;

(l) any claim in the nature of pilotage in respect of a ship or an aircraft ;

(m) any claim in respect of goods or materials supplied to a ship for her operation or maintenance ;

(n) any claim in respect of the construction, repair or equipment of a ship or in respect of dock charges or dues ;

(o) any claim by a master or member of the crew of a ship for wages (including any sum allotted out of wages or adjudged by a superintendent to be due by way of wages) ;

(p) any claim by a master, shipper, charterer or agent in respect of disbursements made on account of a ship ;

(q) any claim arising out of an act which is or is claimed to be a general average act ;

(r) any claim arising out of bottomry ;

(s) any claim for the forfeiture or condemnation of a ship or of goods which are being or have been carried, or have been attempted to be carried, in a ship, or for the restoration of a ship or any such goods after seizure, or for droits of Admiralty.

(3) The proceedings referred to in subsection (1)(b) are—

(a) any application to the High Court under the Merchant Shipping Acts 1894 to 1979 other than an application

16     c. 54          *Supreme Court Act 1981*

PART II
1894 c. 60.

under section 55 of the Merchant Shipping Act 1894 for the appointment of a person to act as a substitute for a person incapable of acting;

(b) any action to enforce a claim for damage, loss of life or personal injury arising out of—

(i) a collision between ships; or

(ii) the carrying out of or omission to carry out a manoeuvre in the case of one or more of two or more ships; or

(iii) non-compliance, on the part of one or more of two or more ships, with the collision regulations;

(c) any action by shipowners or other persons under the Merchant Shipping Acts 1894 to 1979 for the limitation of the amount of their liability in connection with a ship or other property.

(4) The jurisdiction of the High Court under subsection (2)(b) includes power to settle any account outstanding and unsettled between the parties in relation to the ship, and to direct that the ship, or any share thereof, shall be sold, and to make such other order as the court thinks fit.

(5) Subsection (2)(e) extends to—

1971 c. 59.

(a) any claim in respect of a liability incurred under the Merchant Shipping (Oil Pollution) Act 1971; and

(b) any claim in respect of a liability falling on the International Oil Pollution Compensation Fund under Part I of the Merchant Shipping Act 1974.

1974 c. 43.

(6) The reference in subsection (2)(j) to claims in the nature of salvage includes a reference to such claims for services rendered in saving life from a ship or an aircraft or in preserving cargo, apparel or wreck as, under sections 544 to 546 of the Merchant Shipping Act 1894, or any Order in Council made under section 51 of the Civil Aviation Act 1949, are authorised to be made in connection with a ship or an aircraft.

1949 c. 67.

(7) The preceding provisions of this section apply—

(a) in relation to all ships or aircraft, whether British or not and whether registered or not and wherever the residence or domicile of their owners may be;

(b) in relation to all claims, wherever arising (including, in the case of cargo or wreck salvage, claims in respect of cargo or wreck found on land); and

(c) so far as they relate to mortgages and charges, to all mortgages or charges, whether registered or not and whether legal or equitable, including mortgages and charges created under foreign law:

Provided that nothing in this subsection shall be construed as extending the cases in which money or property is recoverable under any of the provisions of the Merchant Shipping Acts 1894 to 1979.

PART II

**21.**—(1) Subject to section 22, an action in personam may be brought in the High Court in all cases within the Admiralty jurisdiction of that court.

Mode of exercise of Admiralty jurisdiction.

(2) In the case of any such claim as is mentioned in section 20(2)(*a*), (*c*) or (*s*) or any such question as is mentioned in section 20(2)(*b*), an action in rem may be brought in the High Court against the ship or property in connection with which the claim or question arises.

(3) In any case in which there is a maritime lien or other charge on any ship, aircraft or other property for the amount claimed, an action in rem may be brought in the High Court against that ship, aircraft or property.

(4) In the case of any such claim as is mentioned in section 20(2)(*e*) to (*r*), where—

(*a*) the claim arises in connection with a ship ; and

(*b*) the person who would be liable on the claim in an action in personam (" the relevant person ") was, when the cause of action arose, the owner or charterer of, or in possession or in control of, the ship,

an action in rem may (whether or not the claim gives rise to a maritime lien on that ship) be brought in the High Court against—

(i) that ship, if at the time when the action is brought the relevant person is either the beneficial owner of that ship as respects all the shares in it or the charterer of it under a charter by demise ; or

(ii) any other ship of which, at the time when the action is brought, the relevant person is the beneficial owner as respects all the shares in it.

(5) In the case of a claim in the nature of towage or pilotage in respect of an aircraft, an action in rem may be brought in the High Court against that aircraft if, at the time when the action is brought, it is beneficially owned by the person who would be liable on the claim in an action in personam.

(6) Where, in the exercise of its Admiralty jurisdiction, the High Court orders any ship, aircraft or other property to be sold, the court shall have jurisdiction to hear and determine any question arising as to the title to the proceeds of sale.

18 c. 54 *Supreme Court Act 1981*

PART II

(7) In determining for the purposes of subsections (4) and (5) whether a person would be liable on a claim in an action in personam it shall be assumed that he has his habitual residence or a place of business within England or Wales.

(8) Where, as regards any such claim as is mentioned in section 20(2)(*e*) to (*r*), a ship has been served with a writ or arrested in an action in rem brought to enforce that claim, no other ship may be served with a writ or arrested in that or any other action in rem brought to enforce that claim; but this subsection does not prevent the issue, in respect of any one such claim, of a writ naming more than one ship or of two or more writs each naming a different ship.

Restrictions on entertainment of actions in personam in collision and other similar cases.

22.—(1) This section applies to any claim for damage, loss of life or personal injury arising out of—

(*a*) a collision between ships; or

(*b*) the carrying out of, or omission to carry out, a manoeuvre in the case of one or more of two or more ships; or

(*c*) non-compliance, on the part of one or more of two or more ships, with the collision regulations.

(2) The High Court shall not entertain any action in personam to enforce a claim to which this section applies unless—

(*a*) the defendant has his habitual residence or a place of business within England or Wales; or

(*b*) the cause of action arose within inland waters of England or Wales or within the limits of a port of England or Wales; or

(*c*) an action arising out of the same incident or series of incidents is proceeding in the court or has been heard and determined in the court.

In this subsection—

" inland waters " includes any part of the sea adjacent to the coast of the United Kingdom certified by the Secretary of State to be waters falling by international law to be treated as within the territorial sovereignty of Her Majesty apart from the operation of that law in relation to territorial waters;

" port " means any port, harbour, river, estuary, haven, dock, canal or other place so long as a person or body of persons is empowered by or under an Act to make charges in respect of ships entering it or using the facilities therein, and " limits of a port " means the limits thereof as fixed by or under the Act in question