JAMES A. SAVILLE, JR.
CHRISTOPHER M. PANAGOS
HILL RIVKINS & HAYDEN LLP
Attorneys for Defendant
Alcobex Metals Ltd.

45 Broadway – Suite 1500
New York, New York 10006
(212) 669-0600

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BHATIA SHIPPING AND AGENCIES PVT. LTD.

        Plaintiff,

  -against-

ALCOBEX METALS LTD.,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Docket No.: 1:07-cv-9346(BSJ)

**DEFENDANT'S MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S SUR-REPLY IN FURTHER OPPOSITION TO DEFENDANT'S OF MOTION TO VACATE**

Defendant Alcobex Metals Ltd. ("Alcobex") respectfully submits this memorandum of law in response to plaintiff Bhatia Shipping and Agencies Pvt Ltd.'s ("Bhatia") sur-reply memorandum of law in further opposition to Alcobex's motion to vacate the Process of Maritime Attachment and Garnishment obtained by Bhatia. Bhatia's sur-reply and this memorandum of law address the narrow issue of whether Bhatia's claim to enforce an English Judgment for costs is a maritime claim within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule B"). As set forth herein, Alcobex respectfully submits that under either U.S. or English law a judgment for costs is

not a maritime claim and, as such, Alcobex respectfully submits that Bhatia's attachment must be vacated and the funds immediately released.

## ARGUMENT

### AN ENGLISH JUDGMENT FOR COSTS IS NOT A MARITIME CLAIM WITHIN THE MEANING OF RULE B

Bhatia admits that it had the obligation to deliver Alcobex's cargo under the relevant contract. (Complaint ¶6). There is also no question that Bhatia failed to do so and, therefore, *prima facie* liable for the loss. (*See* Kanunga Aff. Ex. 5 (". . . please advise us what reply is to be sent [to Alcobex] as we find no legal defense in the instant case where. . .misdelivery has been admitted more than once in correspondence exchanged in the shipper[Alcobex].")).[1] Apparently not satisfied with causing Alcobex a loss of nearly USD$200,000.00, Bhatia now seeks to compound this loss by utilizing the uniquely maritime remedy of Rule B to collect an additional USD$138,000 in costs associated with a lawsuit which Bhatia itself instituted, on the basis that the English Judgment entered in its favor should be considered a maritime claim within the meaning of Rule B. However, as set forth herein and in Alcobex's prior memorandums of law, under either U.S. or English law, Bhatia's claim to collect the costs awarded under an English Judgment is not a maritime claim within the meaning of Rule B and, therefore, Bhatia's attachment must be vacated and the funds released.[2]

Bhatia argues that the English judgment arises out of a maritime claim and, therefore, the judgment itself should be considered a maritime claim within the meaning of Rule B. However,

---

[1] *See* Affirmation of G.C. Kanunga dated January 4, 2008, at ¶2 (hereinafter "Kanunga Aff.") previously submitted in support of Alcobex's Motion to Vacate.

[2] Alcobex has already addressed the question of whether Bhatia's English Judgment would be considered a maritime claim under U.S. law in its Memorandum of Law in Reply to Bhatia's Opposition to the Motion to Vacate and, therefore, does not address that issue herein.

2

it is not enough for Bhatia to characterize its English Judgment as a maritime judgment and move on. Rather, the critical question is whether under English law Bhatia's judgment would be considered a maritime claim. In the present circumstances, Bhatia respectfully submits that it would not be.

Section 20(2) of the Supreme Court Act ("SCA") specifically sets forth the claims which are considered to be maritime claims under English law. (*See* Affirmation of Christopher J. Dunn dated April 24, 2008, at ¶4 (hereinafter "Dunn Aff.") attached as Exhibit A to the Affirmation of James A. Saville, Jr. dated April 25, 2008). Enforcement of a judgment or arbitration award is not found within this list and, therefore, would not be considered a maritime claim. (*Id.*). Further, under English law, an award of costs is procedural as opposed to substantive English law (Dunn Aff. ¶13) and, as such, should not be considered to be a substantive maritime claim.

Looked at another way, Bhatia's claim, is no different than a claim or judgment brought by a party seeking to recover its costs after successfully defending a claim in either arbitration or litigation. There is no question that in those circumstances, under English law, such an award or judgment for costs would not be considered a maritime claim. Likewise, in the present case, although Bhatia, the party who had the obligation to deliver the cargo under the relevant contract(and thus the real defendant) put itself in the position of plaintiff in the English court, Bhatia was nothing more than a defendant seeking to defend a claim by asserting it had no liability for Alcobex's loss. The fact that it chose to pursue the litigation should not serve as a basis to transform an otherwise unrecoverable non-admiralty claim under English law into a maritime claim.

## CONCLUSION

Alcobex respectfully submits that Bhatia's claim to enforcement the judgment is not a maritime claim within the meaning of Rule B and, moreover, in the circumstances of the present case, upholding Bhatia's attachment would simply be inequitable and penal in nature. For these reasons and the reasons set forth in Alcobex's prior submissions, defendant Alcobex Metals Ltd. respectfully submits that Process of Maritime Attachment and Garnishment obtained by plaintiff should be vacated and the funds immediately released.

Dated: New York, New York
April 25, 2008

                        HILL RIVKINS & HAYDEN LLP
                        Attorneys for Defendant
                        Alcobex Metals Ltd.

By: _____
                James A. Saville, Jr.
                Christopher M. Panagos
                45 Broadway – Suite 1500
                New York, New York 10006
                (212) 669-0600

TO:
Michael E. Unger, Esq.
Freehill Hogan & Mahar LLP
80 Pine Street
New York, New York 10005

Attorneys for Plaintiff
Bhatia Shipping and Agencies Pvt. Ltd.